RUSSELL JOSEPH DURKAN, APPELLANT, V. JOSEPH G. VAUGHAN
AND LEEANN A. VAUGHAN, HUSBAND AND WIFE, APPELLEES.

609 N.W. 2d 358

Filed April 21, 2000.    No. S-99-216.

David L. Herzog, of Herzog & Herzog, P.C., for appellant.

Theodore J. Stouffer, of Cassem, Tierney, Adams, Gotch & Douglas, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The appellant, Russell Joseph Durkan, filed a second amended petition alleging that the appellees, Joseph G. Vaughan and LeeAnn A. Vaughan, were negligent in failing to supervise the conduct of their adult son who allegedly assaulted Durkan. Durkan alleged that the Vaughans had knowledge of prior assaultive behavior on the part of their son. The Vaughans moved for summary judgment. At the hearing on the motion for summary judgment, Durkan offered an exhibit indicating that the Vaughans were aware of a prior instance of assault by their son. The record is silent regarding whether the exhibit was received into evidence, and the exhibit does not appear in the bill of exceptions.

The district court granted the Vaughans' motion for summary judgment on the basis that Durkan failed to present sufficient evidence that the Vaughans knew or should have known that their son had a propensity for violence. Without deciding the issue of whether a parent would ever be liable for a physical assault by an adult child on a third party, we determine that the evidence presented to the court was insufficient to establish a duty from the Vaughans to Durkan. We affirm.

## BACKGROUND

In his operative petition, Durkan alleged that on September 2, 1996, the Vaughans negligently allowed their son, who was 19 years of age at the time, to have control and possession of their residence. Durkan further alleged that the Vaughans failed to supervise the activities of their son. Durkan alleged that as a result, the son caused him injury. Durkan alleged that the behav-

ior of the son was foreseeable because the Vaughans had knowledge of prior assaultive conduct on the part of their son. Durkan then alleged that because the son's behavior was foreseeable, the Vaughans had a duty to warn him of the potential danger posed by their son and/or control their son's actions in relation to third parties.

The Vaughans subsequently filed a motion for summary judgment. At the hearing on the motion, the Vaughans entered into evidence affidavits stating that to the best of their information and belief, their son had never engaged in assaultive behavior prior to the incident involving Durkan. Durkan offered into evidence exhibit 6.

Exhibit 6 consisted in part of an affidavit by Durkan in which he stated that the incident at issue occurred when he was driving in Omaha, Nebraska, and heard something loud outside his car. The affidavit stated that Durkan stopped his car and observed a number of youths standing in the Vaughans' driveway. Durkan approached them, asked what had been thrown at his car, and was struck on the face by the Vaughans' son. The affidavit then stated that Durkan had evidence that the Vaughans' son had previously engaged in instances of assault. Part of exhibit 6 also consisted of medical records from 1994 indicating that the Vaughans' son received treatment following an incident in which he hit Joseph Vaughan, his father. The Vaughans entered into evidence several affidavits stating that their son did not assault Joseph Vaughan.

The Vaughans objected to exhibit 6 on the basis that it contained conclusions of law and that the medical records were hearsay. The trial judge then stated that the objection would be taken under advisement. The record is silent regarding whether the trial court ultimately received exhibit 6 into evidence. Exhibit 6 appears in the record on appeal in the appellate transcript. However, it does not appear in the bill of exceptions.

The trial court sustained the Vaughans' motion for summary judgment. Although a statutory duty was never pled, the trial court noted that because the son was 19 years of age at the time of the incident, the Vaughans could not be held liable for his actions under Neb. Rev. Stat. § 43-801 (Reissue 1998). The trial court then determined that Durkan had failed to present suffi-

cient evidence that the Vaughans knew or should have known that their son had a propensity for violence. As a result, the trial court held that Durkan failed to establish a duty of care on the part of the Vaughans and sustained their motion for summary judgment. Durkan appeals.

## ASSIGNMENT OF ERROR

Durkan assigns that the trial court erred in granting the Vaughans' motion for summary judgment. Durkan does not contend that § 43-801 is applicable to the case.

## STANDARD OF REVIEW

■ Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Derr v. Columbus Convention Ctr.*, 258 Neb. 537, 604 N.W.2d 414 (2000).

■ A movant for summary judgment makes a prima facie case by producing enough evidence to demonstrate that the movant is entitled to a judgment if the evidence were uncontroverted at trial. At that point, the burden of producing evidence shifts to the party opposing the motion. *Id.*

## ANALYSIS

Durkan contends that as property owners, the Vaughans had a duty to protect him from a foreseeable assault occurring on their property and/or a duty to warn him of the potential danger posed by their adult son. Durkan then argues that there is an issue of fact regarding whether the Vaughans knew or should have known of the potential for danger because exhibit 6 indicated that their son previously assaulted Joseph Vaughan. However, exhibit 6 was not made a part of the bill of exceptions and the record is silent regarding whether it was considered by the trial court.

■ Affidavits, depositions, and other evidence considered at a hearing on a motion for summary judgment must be preserved in a bill of exceptions filed in the trial court before such evidence can be considered during appellate review of the motion. *Sindelar v. Hanel Oil, Inc.*, 254 Neb. 975, 581 N.W.2d

405 (1998). See, e.g, *Rath v. Selection Research, Inc.*, 246 Neb. 340, 519 N.W.2d 503 (1994); *DeCosta Sporting Goods, Inc. v. Kirkland*, 210 Neb. 815, 316 N.W.2d 772 (1982). In addition, rulings of the trial court which do not appear in the record are not considered on appeal. *Dairyland Power Co-op v. State Bd. of Equal.*, 238 Neb. 696, 472 N.W.2d 363 (1991); *Howard v. Howard*, 234 Neb. 661, 452 N.W.2d 283 (1990). It is incumbent on the party appealing to present a record which supports the errors assigned, and absent such a record, the decision of the lower court will be affirmed. *Van Ackeren v. Nebraska Bd. of Parole*, 251 Neb. 477, 558 N.W.2d 48 (1997); *Howard v. Howard, supra.*

Although exhibit 6 was offered into evidence, it does not appear in the bill of exceptions, and the record is silent regarding whether it was actually received and considered by the trial court. Thus, we will not consider the exhibit on appeal. Absent exhibit 6, there is no evidence to support Durkan's contention that the Vaughans' son engaged in previous assaults or other dangerous behavior, and the record does not contain facts to support the assertions Durkan makes in his operative petition regarding a duty on the part of the Vaughans. Accordingly, the trial court was correct in determining that Durkan failed to present sufficient evidence to support his claim and in sustaining the Vaughans' motion for summary judgment. The order of the trial court is affirmed.

AFFIRMED.