MORRISON ENTERPRISES, APPELLANT, V. AETNA CASUALTY
AND SURETY COMPANY ET AL., APPELLEES.

619 N.W.2d 432

Filed November 3, 2000.   No. S-99-621.

William T. Session and Darwin E. Johnson, of The Session Law Firm, and Gary J. Nedved, of Keating, O'Gara, Davis & Nedved, P.C., for appellant.

Robert T. Grimit and Darin J. Lang, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee Union Insurance Company.

WRIGHT, GERRARD, STEPHAN, and MCCORMACK, JJ., and HANNON, Judge.

STEPHAN, J.

Morrison Enterprises (Morrison) appeals from an order of the district court for Adams County granting summary judgment in favor of Union Insurance Company (Union). We conclude that the entry of summary judgment is not supported by the record and therefore reverse, and remand.

## BACKGROUND

On March 21, 1994, Morrison filed this action against Union and several other insurance carriers seeking declaratory relief,

damages for breach of contract, and attorney fees pursuant to Neb. Rev. Stat. § 44-359 (Reissue 1998). Morrison sought a declaration of rights and obligations under multiple insurance policies issued to Morrison and Morrison-Quirk Grain Corporation (Morrison-Quirk), its predecessor in interest, from 1954 through 1980. Morrison alleged that the insurers were obligated to indemnify it for property damage caused by the release or threatened release of hazardous substances occurring at a grain elevator and grain storage facility in Hastings, Nebraska, which was owned and operated by Morrison-Quirk from 1955 through 1975. Union filed an answer in which it denied most of Morrison's material allegations and asserted several affirmative defenses.

Union filed a motion for summary judgment on December 1, 1994, which was overruled by the district court on January 24, 1995, based upon a finding that "material questions of fact do exist." Union filed another motion for summary judgment on March 10, 1998, accompanied by a notice of hearing to be held on April 7. On March 10, Union also filed a document entitled "Defendant Union Insurance Company's Designation of Evidence in Support of Motion for Summary Judgment" listing eight specifically described exhibits and, as item No. 9, "All affidavits, depositions and other exhibits designated by Aetna (The Travelers Casualty & Surety Company) in support of its separate Motion for Summary Judgment."

The record on appeal consists of the following: a transcript; a bill of exceptions consisting of two boxes containing documents bearing exhibits 1 through 9, 11 through 48, 50 through 63, and 65 through 190; and a supplemental bill of exceptions consisting of proceedings transcribed before the district court on April 7, 1998. The index to the supplemental bill of exceptions states "Exhibits 1 through 10 were marked at previous hearings," but those exhibits are not specifically described in the index and neither the bill of exceptions nor the supplemental bill of exceptions includes a verbatim record of any "previous hearings" at which such exhibits were marked, offered, or received.

Counsel for all parties appeared at the April 7, 1998, hearing. The record includes references to pending motions for summary judgment in addition to that filed by Union, but such motions do

not appear in the transcript. During the hearing, counsel for one of the parties noted his understanding that "there have been no exhibits offered at this point." After discussing another subject, the judge invited counsel to "[g]o ahead and offer whatever you want marked and received and the reporter can mark them. If there is no objection, we will receive them all." At that point, the record reflects "Exhibits 11 through 63 marked for identification," but it is unclear which party requested that this be done. The discussion on the record then shifted to possible trial dates, after which one of the attorneys inquired, "One other thing. Were we going to make a record on our exhibits or is that something . . . ." The hearing concluded with the following colloquy:

THE COURT: I will reserve receiving any of [the exhibits] until you have an opportunity to object. If they are not objected to we will receive them all.

[Counsel for Morrison]: If we have objections we are to notify you by letter and set a telephone hearing, your Honor?

[Counsel for a codefendant]: I am not sure the record reflects my Affidavit was marked as an exhibit or submitted to the Court, filed, I believe, on March 7, 1998, captioned Affidavit of Robert V. P. Waterman, Jr. in support of supplemental motion for summary judgment. It has been marked as Exhibit 57 and this is in the court file. Additionally, at the Court's request we will be submitting the deposition of Richard Bornemeier as an exhibit which will be marked as Exhibit 61. Thank you, Your Honor.

[Counsel for other codefendants]: [Codefendants] tender now their exhibits numbered 11 through 56, Your Honor, and I understand counsel for Morrison Enterprises will have an opportunity to look at those and doesn't have an objection.

Just so the Court knows, on behalf of those two companies we would object and would have an objection to what I believe is going to be Morrison Enterprises Exhibit 62, (sic) which is Anna Stehlik's Affidavit which is dated today, April 7, 1998. It was not filed with us in advance of the hearing or provided to us in advance of the summary judgment hearing and we first heard about it and first had

a chance to even peruse it just a few minutes ago, Your Honor.

THE COURT: I'll give you an opportunity to peruse it and you can register your specific objections when we have this trial.

[Counsel for Morrison]: Just for the record it - - -

[Counsel for other codefendants]: The number was misstated. I apologize. 63, the Affidavit dated April 7, 1998.

[Counsel for a codefendant]: We join in [counsel]'s objection and will also review it and file any appropriate objections at that time.

THE COURT: Noted. All right, thank you, gentlemen.

(End of proceedings)

The case was then reassigned to another district judge after the hearing but before a ruling on Union's motion for summary judgment. On December 4, 1998, the district court entered an order which included that ruling as well as rulings on other motions. That order recites "[t]he Court has reviewed the exhibits, Motions and briefs of the parties." With respect to Union's motion for summary judgment, the court stated:

The Court is persuaded by Union's argument that Liability may not attach to an excess or umbrella policy until the limits of the underlying policy or policies have been reached. It is the payment of the limits of the underlying policy or policies which trigger liability under an excess policy. [Citation omitted.] At this time Travelers has not paid the limits of its policies. The trial in this case will determine what if any amount must be paid on the primary policies.

After concluding that the interests of judicial economy would not be served by requiring Union to remain a party in the litigation, the district court sustained Union's motion for summary judgment and dismissed Morrison's claim against Union without prejudice. However, the district court did not direct entry of final judgment pursuant to Neb. Rev. Stat. § 25-705(6) (Cum. Supp. 1998). During the ensuing trial, Morrison reached a settlement agreement with the remaining defendants, and the district court dismissed the action pursuant to stipulation on May 3, 1999. Morrison then perfected this appeal from the order granting Union's motion for summary judgment.

## ASSIGNMENTS OF ERROR

Morrison asserts, summarized and restated, that the district court erred in granting Union's motion for summary judgment because there was no dispute of fact that the liability limits of the underlying insurance policies would be exhausted. Further, Morrison maintains that the district court erred in declaring that Nebraska law requires that before an insured can be indemnified under an excess liability insurance policy, it must first exhaust all underlying primary insurance liability limits.

## STANDARD OF REVIEW

Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Sack Bros. v. Great Plains Co-op, ante* p. 292, 616 N.W.2d 796 (2000). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Sack Bros. v. Tri-Valley Co-op, ante* p. 312, 616 N.W.2d 786 (2000); *Sack Bros. v. Great Plains Co-op, supra.* On a motion for summary judgment, the question is not how a factual issue is to be decided, but whether any real issue of material fact exists. *Sack Bros. v. Great Plains Co-op, supra.*

## ANALYSIS

Well-established principles govern the shifting of the evidentiary burden with respect to summary judgment. The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *City State Bank v. Holstine, ante* p. 578, 618 N.W.2d 704 (2000); *Nebraska Popcorn v. Wing,* 258 Neb. 60, 602 N.W.2d 18 (1999). A prima facie case for summary judgment is shown by producing enough evidence to demonstrate that the movant is entitled to a judgment in its favor if the evidence were uncontroverted at trial. *Id.* After the movant

makes a prima facie case for summary judgment, the burden to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law shifts to the party opposing the motion. *Nebraska Popcorn v. Wing, supra*; *Boyle v. Welsh*, 256 Neb. 118, 589 N.W.2d 118 (1999).

Affidavits, depositions, and other evidence considered at a hearing on a motion for summary judgment must be preserved in a bill of exceptions filed in the trial court before such evidence can be considered during appellate review of the motion. *Durkan v. Vaughn*, 259 Neb. 288, 609 N.W.2d 358 (2000); *Sindelar v. Hanel Oil, Inc.*, 254 Neb. 975, 581 N.W.2d 405 (1998). Rulings of the trial court which do not appear in the record are not considered on appeal. *Durkan v. Vaughn, supra*; *Dairyland Power Co-op v. State Bd. of Equal.*, 238 Neb. 696, 472 N.W.2d 363 (1991).

In *Durkan*, the appellant contended that the trial court erred in entering summary judgment against him because an affidavit which he had offered demonstrated the existence of a genuine issue of material fact. We noted that although the record reflected that the affidavit was offered, it did not appear in the bill of exceptions, and the record was silent regarding whether it was actually received and considered by the trial court. For these reasons, we did not consider the affidavit in our review of the summary judgment.

In this case, some, but not all, of the documents contained in the bill of exceptions were marked as exhibits during the summary judgment hearing, but none were formally and specifically offered by Union in support of its motion for summary judgment or by Morrison in opposition thereto. The judge who presided at the hearing specifically reserved ruling on the exhibits which were marked for identification, and the bill of exceptions reflects no subsequent proceedings at which any exhibits were received with respect to Union's motion. Thus, while the judge to whom the case was subsequently reassigned recited in his order that he had reviewed "the exhibits," the record is silent as to which exhibits were actually received and considered by the district court. For these reasons, we do not consider any of the exhibits on appeal, including the insurance policies which are the subject of this action.

The party moving for summary judgment has the burden of demonstrating that there is no genuine issue of material fact. This means that the moving party must produce enough evidence to demonstrate his or her entitlement to a judgment if the evidence remains uncontroverted. *City State Bank v. Holstine, ante* p. 578, 618 N.W.2d 704 (2000). Because the record does not reflect that any exhibit was received and considered by the district court, our review is limited to the pleadings. Union, in its answer, denied virtually all of the material allegations of the petition except those relating to its corporate existence and that of a codefendant, the fact that it "issued certain policies to Morrison-Quirk" which "speak for themselves," and the fact that it did not file an action for declaratory relief with respect to Morrison's claims. The insurance policies at issue are not appended to the pleadings, nor is the language of the policies admitted therein. The pleadings, when viewed in a light most favorable to Morrison, do not demonstrate an absence of genuine issues of material fact.

## CONCLUSION

Based upon the record before us, we conclude that Union did not meet its burden of producing evidence that, if uncontroverted, would have entitled it to judgment as a matter of law, and the district court therefore erred in granting its motion for summary judgment. The judgment is therefore reversed, and the cause is remanded to the district court.

REVERSED AND REMANDED.

HENDRY, C.J., and CONNOLLY and MILLER-LERMAN, JJ., not participating.