Jeffrey J. Polinski, appellant, v.
Sky Harbor Air Service, Inc.,
a Nebraska corporation, appellee.

640 N.W.2d 391

Filed March 15, 2002.   No. S-99-1358.

Thomas J. Young for appellant.

Patrick J. Barrett, of McGrath, North, Mullin & Kratz, P.C., for appellee.

Hendry, C.J., Wright, Connolly, Gerrard, Stephan, McCormack, and Miller-Lerman, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Jeffrey J. Polinski filed a petition in the district court for Douglas County seeking various damages against Sky Harbor Air Service, Inc. (Sky Harbor). His petition generally alleged a violation of his statutory right to privacy, wrongful termination of employment, and improper disclosure of an employment-related drug test. Following an evidentiary hearing, the district court sustained Sky Harbor's motion for summary judgment on each of Polinski's three enumerated causes of action and ordered the petition dismissed. Polinski appealed to the Nebraska Court of Appeals, which affirmed in part, and in part reversed, and remanded for further proceedings. *Polinski v. Sky Harbor Air Serv.*, No. A-99-1358, 2001 WL 118595 (Neb. App. Feb. 13, 2001) (not designated for permanent publication). Polinski petitioned for further review, which we granted. For reasons different from those articulated by the Court of Appeals, we affirm.

## STATEMENT OF FACTS

Polinski began working for Sky Harbor in 1988 as a lineman refueling aircraft at Eppley Airfield in Omaha. With respect to this employment, there is neither an indication in the record suggesting the existence of contractual restrictions upon Sky Harbor's right as an employer to discharge Polinski nor any allegation of a constitutional or statutory prohibition on employment termination. We, therefore, treat Polinski as an at-will employee of Sky Harbor. See *Dossett v. First State Bank*, 261 Neb. 959, 627 N.W.2d 131 (2001).

Polinski worked as a lineman for Sky Harbor from 1988 until his employment was terminated in 1996. During the course of his employment with Sky Harbor, Polinski was also employed by United Air Lines, Inc. (United), as a ramp serviceman in United's area at Eppley Airfield. Both of these positions required that Polinski have an Omaha Airport Authority (OAA) "Eppley Airfield Identification and Access Control" badge authorizing Polinski to enter certain nonpublic areas at Eppley Airfield.

During his employment with Sky Harbor, Polinski was aware that the company had a drug-free workplace policy. On August 2, 1994, Polinski signed a copy of Sky Harbor's "Drug-Free

Workplace Policy," which stated that "[it] is unlawful to illegally manufacture, distribute, dispense, possess or use a controlled substance in the workplace." On November 1, 1995, he signed a copy of Sky Harbor's "Drug/Alcohol Free Workplace Policy Letter," indicating that he had read the letter and understood its contents. The letter stated that Sky Harbor employees could be terminated for being under the influence of drugs and that Sky Harbor reserved the right to randomly test employees for drugs when reasonable cause was present or as part of a postaccident investigation. The letter further stated that employees who refused to participate in the drug test could be disciplined up to and including being discharged.

In late February 1996, Sky Harbor was informed by its attorneys that OAA security was apparently preparing to bring members of the federal Drug Enforcement Agency to Sky Harbor to test Sky Harbor employees suspected of illegal drug use. As a result of this information and in an effort to avoid the disruption of work that would occur if the agency did conduct such an investigation, Sky Harbor decided to test essentially all of its employees for drugs. Sky Harbor informed OAA's chief of security of this decision. The primary employees not tested were pilots and mechanics who had been tested earlier.

On February 29, 1996, while at work, Polinski was advised by personnel at Sky Harbor that he and other Sky Harbor employees would be tested for the use of drugs. Polinski was tested for the use of drugs on February 29 at St. Joseph Hospital in Omaha. Prior to the test, Polinski executed a form labeled "Employee Consent and Waiver for Laboratory Testing" given to him by Sky Harbor (the Sky Harbor consent). In the Sky Harbor consent, Polinski "authorize[d] and [gave] full permission" to St. Joseph Hospital to conduct the drug test and to send the test results to Sky Harbor. While he was at St. Joseph Hospital, Polinski executed a "Drug Testing & Control Form" given to him by St. Joseph Hospital (the St. Joseph consent), which stated, in part, the following:

> I hereby consent to have a specimen of my urine and/or blood taken, and I understand that it will be used for drug analysis by Saint Joseph Hospital Toxicology laboratory. The results of the tests on my specimen will then be made

available to the above named company/employer [Sky Harbor] for employment evaluation only.

The results of the drug test indicated that Polinski had tested positive for marijuana. After receipt of these results, Sky Harbor terminated his employment on or about March 7, 1996. In a March 7 letter, Sky Harbor advised Polinski that his employment with the company had been terminated due to his violation of Sky Harbor's drug-free workplace policy and "extenuating circumstances."

As a result of its termination of Polinski's employment, Sky Harbor returned Polinski's identification badge to OAA. Because Polinski no longer possessed his OAA identification badge, he was not authorized to access those areas of Eppley Airfield where he had worked as a United employee, and United suspended Polinski from employment with pay. Ultimately, United terminated Polinski's employment when he was unable to regain his OAA identification badge.

On August 28, 1996, Polinski filed a petition against Sky Harbor alleging three numbered causes of action and seeking various damages. Polinski alleged (1) that the employment-related drug test resulting in his termination from his employment with Sky Harbor contravened his statutory right to privacy, Neb. Rev. Stat. § 20-203 (Reissue 1997); (2) that he had been wrongfully terminated from his employment with Sky Harbor in contravention of Nebraska drug and alcohol testing statutes, Neb. Rev. Stat. § 48-1901 et seq. (Reissue 1993 & Cum. Supp. 1994); and (3) that Sky Harbor impermissibly disclosed the February 1996 employment-related drug test results to the "public," specifically to OAA, in contravention of § 48-1906.

On February 5, 1999, Sky Harbor filed a motion for summary judgment. The motion came on for hearing on July 28. During the hearing, the district court received 12 exhibits into evidence. The evidence included depositions from various Sky Harbor and OAA employees, Polinski's deposition, and an affidavit from a St. Joseph Hospital medical technologist concerning Polinski's drug test. The evidence included copies of documents which Polinski had signed, including the August 2, 1994, drug-free workplace policy, the November 1, 1995, drug/alcohol free workplace policy letter, the Sky Harbor consent, and the St. Joseph consent.

On November 2, 1999, the district court entered an order granting Sky Harbor's motion for summary judgment as to all of Polinski's enumerated causes of action. The district court found that the Sky Harbor consent Polinski signed prior to his drug test barred his right to privacy claim under § 20-203 as alleged in his first cause of action. The district court did not specifically discuss Polinski's second or third causes of action. Nevertheless, the court found there were no genuine issues of material fact "as to any of the causes of action," concluded that Sky Harbor was entitled to judgment as a matter of law, and ordered the petition dismissed.

Polinski appealed the district court's order to the Court of Appeals. In an unpublished opinion dated February 13, 2001, the Court of Appeals reversed the grant of summary judgment on the second cause of action pertaining to wrongful termination under the drug and alcohol testing statutes. The Court of Appeals, however, affirmed the district court's grant of summary judgment in favor of Sky Harbor with respect to the privacy-related first and disclosure-related third causes of action based mainly on its determination that Sky Harbor had offered uncontroverted evidence (1) that Polinski had consented to the drug testing, a defense to the first cause of action, and (2) that Polinski had consented to the release of the test results to OAA, a defense to the third cause of action.

Polinski sought further review of those portions of the Court of Appeals' decision which affirmed the district court's grant of summary judgment in favor of Sky Harbor as to his first and third causes of action. Sky Harbor did not petition for further review of the Court of Appeals' decision reversing the district court's grant of summary judgment in favor of Sky Harbor as to Polinski's second cause of action. Therefore, the Court of Appeals' decision reversing the entry of summary judgment in favor of Sky Harbor on Polinski's second cause of action is not before us and remains in effect. We granted Polinski's petition for further review.

## ASSIGNMENTS OF ERROR

In his petition for further review, Polinski claims, restated, that the Court of Appeals erred in its determinations (1) that Polinski had consented to the drug testing, a defense to the privacy-related first cause of action, and (2) that Polinski had consented to the

release of the test results to OAA, a defense to the disclosure-related third cause of action.

## STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Skinner v. Ogallala Pub. Sch. Dist. No. 1*, 262 Neb. 387, 631 N.W.2d 510 (2001). The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Daniels v. Allstate Indemnity Co.*, 261 Neb. 671, 624 N.W.2d 636 (2001). After the movant for summary judgment makes a prima facie case by producing enough evidence to demonstrate that the movant is entitled to judgment if the evidence were uncontroverted at trial, the burden to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law shifts to the party opposing the motion. *Morrison Enters. v. Aetna Cas. & Surety Co.*, 260 Neb. 634, 619 N.W.2d 432 (2000); *Iwanski v. Gomes*, 259 Neb. 632, 611 N.W.2d 607 (2000). Interpretation of a statute presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion, irrespective of the decision made by the court below. *Foote v. O'Neill Packing*, 262 Neb. 467, 632 N.W.2d 313 (2001).

## ANALYSIS

*First Cause of Action: Right to Privacy.*

In his first cause of action, Polinski claimed that the employment-related drug test was a violation of his right to privacy. The Court of Appeals affirmed the district court's order granting summary judgment in favor of Sky Harbor on the first cause of action. On further review, Polinski assigns as error the Court of Appeals' determination that Polinski consented to the drug testing, that such consent is a statutory defense under Neb. Rev. Stat. § 20-205 (Reissue 1997), and that Polinski was precluded from claiming that his statutory right to privacy under § 20-203 had been violated. For reasons other than those articulated by the Court of Appeals, we affirm that portion of the Court

of Appeals' decision which affirmed the order of the district court's granting summary judgment in favor of Sky Harbor on the first cause of action.

For his first cause of action, Polinski alleged that his statutory right to privacy under § 20-203 had been violated by the acts of Sky Harbor. According to Polinski's deposition testimony, it was the accusation of the illegal conduct of drug use which was the specific "humiliation" suffered by Polinski for which damages were sought from Sky Harbor.

■ Section 20-203 provides as follows: "Any person, firm, or corporation that trespasses or intrudes upon any natural person in his or her place of solitude or seclusion, if the intrusion would be highly offensive to a reasonable person, shall be liable for invasion of privacy." In *Kaiser v. Western R/C Flyers*, 239 Neb. 624, 477 N.W.2d 557 (1991), we considered the nature of an intrusion under § 20-203. In *Kaiser*, we described the invasion of privacy as one "'consist[ing] solely of an intentional interference with [the plaintiff's] interest in solitude or seclusion, either as to his person or as to his private affairs or concerns, of a kind that would be highly offensive to a reasonable man.'" 239 Neb. at 631, 477 N.W.2d at 562 (quoting Restatement (Second) of Torts § 652 B, comment *a*. (1977)). We listed the following examples from the Restatement as illustrations of the types of intrusions for consideration as an invasion of privacy under § 20-203: "a reporter's entering a hospital room and taking the photograph of a person suffering from a rare disease; 'window peeking' or wiretapping by a private detective; obtaining access to a person's bank records pursuant to a forged court order; or the continuance of frequent telephone solicitations." *Kaiser*, 239 Neb. at 631, 477 N.W.2d at 562. The taking of a specimen for drug testing purposes in accordance with § 48-1901 et seq. is not contrary to the provisions of § 20-203. The accusation of drug use at the workplace, without more, is not the form of interference into a person's solitude or seclusion that would rise to the level of being highly offensive to a reasonable person, such as might be actionable under § 20-203. See *Kaiser, supra.*

At the summary judgment hearing, Sky Harbor offered evidence in support of its motion for summary judgment. The evidence demonstrated that the employment-related drug test at issue

complied with § 48-1901 et seq. Polinski did not offer evidence which contravened Sky Harbor's evidence of compliance with § 48-1901 et seq.

As the party moving for summary judgment, Sky Harbor had the burden to show that no genuine issue of material fact existed, and it must have produced sufficient evidence to demonstrate that it was entitled to judgment as a matter of law. *Daniels v. Allstate Indemnity Co.*, 261 Neb. 671, 624 N.W.2d 636 (2001). A prima facie case for summary judgment is shown by producing enough evidence to demonstrate that the movant is entitled to a judgment in its favor if the evidence were uncontroverted at trial. *Morrison Enters. v. Aetna Cas. & Surety Co.*, 260 Neb. 634, 619 N.W.2d 432 (2000); *Iwanski v. Gomes*, 259 Neb. 632, 611 N.W.2d 607 (2000). After the movant makes a prima facie case, the burden to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law shifts to the party opposing the motion. *Id.*

In the instant case, Sky Harbor produced evidence demonstrating that it was entitled to a judgment in its favor if the evidence remained uncontroverted by Polinski. The burden to produce evidence showing the existence of a material issue of fact that prevented judgment as a matter of law shifted to Polinski, the party opposing the motion. *Id.* Polinski failed to produce evidence controverting Sky Harbor's evidence. Accordingly, there is no merit to Polinski's first assignment of error on further review, and we affirm the decision of the Court of Appeals which affirmed the district court's grant of summary judgment in favor of Sky Harbor on Polinski's first cause of action.

*Third Cause of Action: Disclosure of Drug Test Results.*

For his second assignment of error on further review, Polinski argues that the Court of Appeals incorrectly determined that there was no material dispute in the record that Polinski had consented to the release of his drug test results to OAA prior to such release and that, therefore, his third cause of action must fail. For reasons other than those articulated by the Court of Appeals, we affirm that portion of the decision of the Court of Appeals which affirmed the entry of summary judgment in favor of Sky Harbor on Polinski's third cause of action.

In his third cause of action, Polinski alleged that Sky Harbor impermissibly released the results of his drug test to the "public," namely OAA, in contravention of § 48-1906. As stated above, OAA had provided Polinski with an identification badge required for Polinski's employment with Sky Harbor. Section 48-1906 provides in relevant part as follows: "The employer or its, his, or her agents shall not release or disclose the test results to the public, except that such results shall be released . . . to the employee upon request."

On May 30, 1996, Polinski signed a document captioned "Release," in which Polinski, who had already been informed of his test results, authorized Sky Harbor to release any and all information concerning his employment and separation from employment with Sky Harbor to OAA. The Court of Appeals reasoned that because Polinski requested the release of the information by Sky Harbor to OAA, the provisions of § 48-1906 against release were not violated, and that the district court had correctly granted summary judgment in favor of Sky Harbor on the third cause of action. Polinski contends that the release he signed on May 30 cannot justify the antecedent release of information by Sky Harbor in March to OAA, which in turn resulted in his loss of employment with United. Because we conclude that the release of the drug test results to OAA by Sky Harbor was not a release to the "public" under § 48-1906, we need not consider whether the May 30 release justifies the earlier disclosures.

Section 48-1906 proscribes an employer from releasing drug test results to the "public." Resolution of Polinski's second assignment of error, therefore, depends upon whether OAA is the "public" for purposes of § 48-1906. Interpretation of a statute presents a question of law in connection with which an appellate court has an obligation to reach a conclusion irrespective of the decision made by the court below. *Foote v. O'Neill Packing*, 262 Neb. 467, 632 N.W.2d 313 (2001). We conclude that Sky Harbor was not prohibited under the terms of § 48-1906 from releasing Polinski's drug test results to OAA.

It is undisputed in the record that Polinski was required to have the OAA identification badge in order to work as a lineman for Sky Harbor and that when Polinski was terminated by Sky Harbor, Sky Harbor returned Polinski's identification badge to

OAA. OAA was involved in Polinski's channel of employment and was not a member of the unrelated "public." As a result, Sky Harbor's release of Polinski's drug test results to OAA was not a release of drug test results to the "public" for purposes of § 48-1906, and thus, Sky Harbor did not violate the provisions of § 48-1906 by releasing Polinski's drug test results to OAA. The Court of Appeals' decision affirming the district court's grant of summary judgment in favor of Sky Harbor on Polinski's third cause of action is affirmed.

## CONCLUSION

Upon further review, although for different reasons, we determine that the Court of Appeals did not err in affirming the district court's grant of summary judgment in favor of Sky Harbor on Polinski's first and third causes of action. Sky Harbor did not seek further review of the Court of Appeals' decision reversing the district court's order granting summary judgment in favor of Sky Harbor on Polinski's second cause of action concerning wrongful termination, and, therefore, we do not consider the Court of Appeals' decision regarding the second cause of action, and that portion of the decision of the Court of Appeals is unaffected on further review.

AFFIRMED.