TIMOTHY S. EGAN, APPELLANT, V.
ALAN G. STOLER, APPELLEE.
653 N.W.2d 855

Filed December 13, 2002.   No. S-01-461.

Thomas M. Locher and Robyn R. Loveland, of Locher, Cellilli, Pavelka & Dostal, L.L.C., for appellant.

William R. Johnson and Raymond E. Walden, of Lamson, Dugan & Murray, L.L.P., for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Timothy S. Egan appeals from an order sustaining a motion for summary judgment in favor of appellee, Alan G. Stoler. The district court found Egan's claims barred by the statute of limitations for professional negligence. We conclude that Egan has abandoned all of his claims except whether a statute of limitations for professional negligence applies to the claim of a conflict of interest and, if so, whether the statute of limitations ran barring Egan from bringing a professional negligence cause of action against Stoler. We conclude that Egan's claim is time barred by the 2-year professional negligence statute of limitations, but our analysis differs from the district court's analysis. Accordingly, we affirm the district court's order.

## BACKGROUND

In May 1992, Egan, a licensed attorney, was convicted in federal court on criminal conspiracy to distribute methamphetamine. In September 1992, Egan was sentenced to 188 months in federal prison. After trial, Egan dismissed his trial counsel and retained Stoler to appeal his conviction.

On November 23, 1992, Egan and Stoler met for the first time at the Federal Medical Center in Rochester, Minnesota, where Egan was confined. Initially and throughout their conversations, Egan alleges he indicated to Stoler his desire to pursue a claim of ineffective assistance of trial counsel. Egan claims specifically to have asked Stoler if he was aware of any rumors that his trial counsel had abused drugs or alcohol during his representation of Egan. Egan claims that Stoler denied having such knowledge. At the same time, however, Stoler was representing a client who testified before a grand jury investigating Egan's trial counsel's involvement in drug-related crimes. Egan alleges that Stoler did not advise Egan of his potential conflict of interest at this time.

In June 1993, Stoler filed Egan's direct appeal in the Eighth Circuit Court of Appeals. The appeal did not raise the issue of ineffective assistance of trial counsel. Both Stoler and Egan agreed to this strategy. On September 13, Stoler argued the appeal in front of the Eighth Circuit. On February 28, 1994, the Eighth Circuit affirmed Egan's conviction.

In the following months, Egan discussed with Stoler the possibility of filing for a rehearing en banc to the Eighth Circuit Court of Appeals and the possibility of filing a writ of certiorari to the U.S. Supreme Court. Neither strategy was employed. In May 1994, Stoler's formal representation of Egan ended. Egan paid Stoler $37,000 for his services.

In September 1994, Egan was disbarred as a result of his conviction. See *State ex rel. NSBA v. Egan*, 246 Neb. 583, 520 N.W.2d 779 (1994). While at the Federal Medical Center, Egan learned of the criminal investigation of his trial counsel by the office of the U.S. Attorney, the same office that had prosecuted Egan. Based on this newly discovered evidence, Egan asked Stoler to represent him again on a motion for new trial. Stoler considered the relevant case law for approximately a month. On October 5, 1994, Stoler informed Egan of his potential conflict of interest in that he had represented a client who testified at Egan's trial counsel's grand jury criminal investigation in September 1992.

On October 2, 1995, Egan sued Stoler in state district court on three counts: (1) negligence, (2) fraudulent misrepresentation, and (3) breach of contract. Specifically, Egan alleged that Stoler

failed to raise all relevant issues in Egan's direct appeal before the Eighth Circuit. Furthermore, Egan alleged that Stoler failed to disclose the existence of a conflict of interest throughout his representation of Egan, which directly affected Stoler's ability to independently and zealously represent Egan. Egan alleged that he would have been unable to discover the conflict of interest even in the exercise of reasonable diligence. In addition, Egan alleges that Stoler misrepresented his knowledge of Egan's trial counsel's alleged chemical dependency. Egan alleges that he relied upon Stoler's false representations to his detriment. Egan's petition seeks return of the $37,000 fee paid to Stoler.

The district court granted summary judgment in favor of Stoler on the basis that the 2-year statute of limitations under Neb. Rev. Stat. § 25-222 (Reissue 1995) for professional negligence had expired. The district court reasoned that the basis of Egan's damages was the alleged failure of Stoler to raise all relevant issues on Egan's direct appeal. Specifically, the court held that Egan knew or should have known, on or before July 1, 1993, of Stoler's alleged failure to raise an ineffective assistance of counsel claim at the time his appellate brief had been presented for review. Egan filed his lawsuit against Stoler on October 2, 1995, more than 2 years after he knew or should have known of the alleged acts giving rise to his claim. The district court granted summary judgment based upon its determination that the discovery exception of § 25-222 allowing suit within 1 year of discovery of the cause of action was not applicable. Egan appeals.

## ASSIGNMENT OF ERROR

Egan assigns that the district court erred by ruling that the 2-year statute of limitations, at § 25-222 and applicable to professional negligence, barred him from seeking reimbursement for attorney fees paid to Stoler. Egan contends that the conduct of Stoler in agreeing to represent him while knowingly operating under a conflict of interest does not give rise to the application of any statute of limitations. Egan claims that therefore, the district court erred in applying the aforementioned statute of limitations and in not requiring that the aforementioned fees be disgorged. Egan claims the district court should have determined that there is no time limitation for the disgorgement of

fees paid to any attorney who knew of or should have known of a conflict of interest.

## STANDARD OF REVIEW

On a motion for summary judgment, the question is not how a factual issue is to be decided, but whether any real issue of material fact exists. *Mondelli v. Kendel Homes Corp.*, 262 Neb. 263, 631 N.W.2d 846 (2001); *Morrison Enters. v. Aetna Cas. & Surety Co.*, 260 Neb. 634, 619 N.W.2d 432 (2000); *Sack Bros. v. Tri-Valley Co-op*, 260 Neb. 312, 616 N.W.2d 786 (2000).

In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Richmond v. Case*, 264 Neb. 319, 647 N.W.2d 90 (2002); *Smeal v. Olson*, 263 Neb. 900, 644 N.W.2d 550 (2002); *Polinski v. Sky Harbor Air Serv.*, 263 Neb. 406, 640 N.W.2d 391 (2002).

Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *In re Application No. C-1889*, 264 Neb. 167, 647 N.W.2d 45 (2002).

## ANALYSIS

In his reply brief, Egan states that "the issue before this Court is only one: whether a statute of limitations applies to the claim of conflicts of interest and, if so, whether the statute of limitations ran disabling [Egan] from bringing a professional negligence cause of action against Stoler." Reply brief for appellant at 1. We take this statement by Egan at face value and conclude that Egan has abandoned all of his claims save "whether a statute of limitations applies to the claim of conflicts of interest and, if so, whether the statute of limitations ran disabling [Egan] from bringing a professional negligence cause of action against Stoler."

The statute of limitations for professional negligence in § 25-222 provides in relevant part:

Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or

omission in rendering or failure to render professional services providing the basis for such action; *Provided,* if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier . . . .

■ This court has determined that any professional misconduct or any unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties is malpractice. *Olsen v. Richards,* 232 Neb. 298, 440 N.W.2d 463 (1989). If a plaintiff's claims are for professional malpractice, whether pled in tort or contract, the statute of limitations for professional negligence contained in § 25-222 applies. *Reinke Mfg. Co. v. Hayes,* 256 Neb. 442, 590 N.W.2d 380 (1999). Therefore, we view Egan's appeal before this court as a single cause of professional malpractice limited by the 2-year statute of limitations for professional negligence.

■ The period of limitations begins to run upon the violation of a legal right, that is, when the aggrieved party has the right to institute and maintain suit. *Witherspoon v. Sides Constr. Co.,* 219 Neb. 117, 362 N.W.2d 35 (1985). The 1-year discovery exception of § 25-222 is a tolling provision. However, the discovery exception applies only in those cases in which the plaintiff did not discover and could not reasonably have discovered the existence of the cause of action within the applicable statute of limitations. *Berntsen v. Coopers & Lybrand,* 249 Neb. 904, 546 N.W.2d 310 (1996). In compliance with the plain meaning of the statute, we have determined that the 2-year statute of limitations is applicable notwithstanding the fact that the plaintiff may not discover the cause of action until shortly before the expiration of the time period. *Ames v. Hehner,* 231 Neb. 152, 435 N.W.2d 869 (1989).

In this case, the district court found that it was apparent from the face of Egan's petition that the action was barred by the 2-year professional negligence statute of limitations. The court reasoned that Egan's direct appeal submitted to the Eighth Circuit constituted Egan's basis of relief. The court concluded

that Egan knew his direct appeal did not raise the issue of ineffective assistance of counsel as of July 1, 1993. The court dismissed Egan's petition filed on October 2, 1995, because it was barred by the 2-year statute of limitations. The court determined that no exception applied.

 Although we agree with the district court's conclusion, our analysis of the facts and time periods differ. We conclude that Egan's cause of action accrued when Egan retained Stoler on November 23, 1992. At this time, Stoler had a duty to disclose any conflict of interest. See Canon 5, DR 5-105(A) through (C), of the Code of Professional Responsibility. If he did not disclose, he breached his fiduciary duty. On October 5, 1994, Stoler informed Egan that he could not represent him in his postconviction motion because of a possible conflict of interest. As of October 5, Egan was on notice of Stoler's failure to disclose. Since Egan discovered the facts upon which he bases his cause of action within the 2-year time limitation, the discovery rule is inapplicable. Since no other exception applied, Egan's action was time barred as of November 23, 1994, 2 years after Stoler's breach occurred. Where the record adequately demonstrates that the decision of a trial court is correct, although such correctness is based on a ground or reason different from that assigned by the trial court, an appellate court will affirm. *State v. Parmar*, 263 Neb. 213, 639 N.W.2d 105 (2002).

 If an action is not to be considered time barred, a plaintiff must file suit within 2 years of the alleged act or omission or show that the action falls within the exceptions of § 25-222 as to the discovery of a defendant's alleged negligence. *Lindsay Mfg. Co. v. Universal Surety Co.*, 246 Neb. 495, 519 N.W.2d 530 (1994). Likewise, if a petition alleges a cause of action ostensibly barred by the statute of limitations, such petition, in order to state a cause of action, must show some excuse tolling the operation and bar of the statute. *Teater v. State*, 252 Neb. 20, 559 N.W.2d 758 (1997); *Zion Wheel Baptist Church v. Herzog*, 249 Neb. 352, 543 N.W.2d 445 (1996). We conclude that Egan's claim, as defined by Egan in his reply brief, alleges a cause of action barred by the statute of limitations and does not set forth an excuse which would toll the operation of the statute.

## CONCLUSION

We conclude that Egan's claim is barred by the 2-year professional negligence statute of limitations and that no exception applies. Although our application of the statute of limitations differs from the district court's analysis, we affirm the district court's order sustaining a motion for summary judgment in favor of Stoler.

AFFIRMED.

HENDRY, C.J., not participating.