Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/10/2020 09:06 AM CST

- 93 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
ARROYO v. CARING FOR PEOPLE SERVS.
Cite as 29 Neb. App. 93

Melina Arroyo, appellant, v. Caring for
People Services, Inc., appellee.
___ N.W.2d ___

Filed November 10, 2020.    No. A-20-030.

1. **Workers' Compensation: Appeal and Error.** A judgment, order, or
   award of the compensation court may be modified, reversed, or set aside
   only upon the grounds that (1) the compensation court acted without or
   in excess of its powers; (2) the judgment, order, or award was procured
   by fraud; (3) there is not sufficient competent evidence in the record to
   warrant the making of the judgment, order, or award; or (4) the findings
   of fact by the compensation court do not support the order or award.
2. ____: ____. An appellate court is obligated in workers' compensation
   cases to make its own determinations as to questions of law.
3. ____: ____. Findings of fact made by the compensation court after
   review have the same force and effect as a jury verdict and will not be
   set aside unless clearly erroneous.
4. **Workers' Compensation: Evidence.** An award of future medical
   expenses requires explicit medical evidence that future medical treat-
   ment is reasonably necessary to relieve the injured worker from the
   effects of the work-related injury.
5. **Workers' Compensation: Expert Witnesses.** It is the role of the com-
   pensation court as the trier of fact to determine which, if any, expert
   witnesses to believe.
6. **Workers' Compensation: Appeal and Error.** Where the record pre-
   sents nothing more than conflicting medical testimony, an appellate court
   will not substitute its judgment for that of the compensation court.

Appeal from the Workers' Compensation Court: James R.
Coe, Judge. Affirmed.

Terry M. Anderson and Michael W. Khalili, of Hauptman,
O'Brien, Wolf & Lathrop, P.C., for appellant.

- 94 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
ARROYO v. CARING FOR PEOPLE SERVS.
Cite as 29 Neb. App. 93

Kathryn L. Hartnett, of Prentiss Grant, L.L.C., for appellee.

PIRTLE, RIEDMANN, and ARTERBURN, Judges.

PIRTLE, Judge.

## INTRODUCTION
Melina Arroyo appeals from an order of the Nebraska Workers' Compensation Court, which declined to award her future medical expenses. Based on the reasons that follow, we affirm.

## BACKGROUND
At all times relevant, Arroyo was employed by Caring for People Services, Inc. (CPS), as a supervisor. She oversaw the caregivers that went to patients' homes and was also on call at certain times for various purposes. On February 2, 2018, Arroyo was helping with an obese patient in the course of her work and was injured when she tried to prevent the patient from falling out of his bed. When Arroyo was pulling the patient back into bed, she felt a "crack in [her] back." She described her pain as extending "[f]rom shoulder blade to shoulder blade. It was an instant kind of — kind of radiating pain."

On February 5, 2018, Arroyo went to a patient's home and was going to transport the patient to a doctor's appointment. While helping the patient into Arroyo's vehicle, Arroyo reinjured her back in the same area where she experienced pain on February 2. On February 9, Arroyo was injured again when she was helping another caregiver lift a patient in a wheelchair up several steps into a residence. Arroyo experienced pain in the same area as on February 2 and 5. She testified, "[A]nd that was the end of the back. I couldn't do anything after that."

Arroyo went to see her primary doctor on February 22, 2018, complaining of pain and stiffness in her neck. Her doctor referred her to a physical therapist, and she began seeing the physical therapist later that month. At the time of trial in this matter, November 2019, Arroyo was still occasionally going to physical therapy "when the pain comes back."

- 95 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
ARROYO v. CARING FOR PEOPLE SERVS.
Cite as 29 Neb. App. 93

In August 2018, Arroyo began seeing Dr. Jeremy Gallant for her back pain. Gallant recommended "medial branch blocks" for Arroyo's injuries, and she subsequently had two blocks performed that each gave her temporary relief. Gallant then recommended a procedure called radio frequency ablation (RFA), which Arroyo underwent in March 2019. Arroyo testified that the RFA worked "[g]reat" and that she was feeling much better. She further testified Gallant told her that if the pain starts coming back, he can give her another injection to help the muscles relax, and that if the "radiating pain for the nerve" comes back, she might need "another round of ablation or something."

Arroyo voluntarily left her employment with CPS in mid-March 2018 and began working for a credit union as a loan originator.

Arroyo also testified that prior to her injuries in February 2018, she would run 15 to 20 miles a week. She testified that prior to those injuries, she had signed up to run a half marathon in May 2018. She testified that she tried to continue her training after the work incidents, but "[i]t was hard sometimes," and she claimed she did more walking than running. She testified that she did compete in and finish the half marathon. Arroyo also testified that she completed a "10K" race in April 2019. She testified that at the time of trial, she was no longer running.

At CPS' request, Dr. Benjamin Bixenmann, a neurosurgeon, performed a medical evaluation of Arroyo on January 31, 2019. Bixenmann stated that it appeared Arroyo's neck and shoulder pain was not significant at multiple times during the last year. He noted that she completed training and a race for a half marathon in May 2018 and that there were multiple office visits with her primary doctor in April and May 2018, where there were no reports of any significant neck or shoulder pain. Bixenmann concluded that Arroyo's workplace injury and resultant pain were related to a "muscular neck strain" in the trapezoid muscle area. He stated that there are no appropriate surgical interventions and that he would not recommend

- 96 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
ARROYO v. CARING FOR PEOPLE SERVS.
Cite as 29 Neb. App. 93

RFA for treatment of a muscular neck strain. Bixenmann placed Arroyo at maximum medical improvement as of January 31, 2019, and assigned her a whole person impairment of 1 percent. He also stated that Arroyo had demonstrated the ability to exercise and complete tasks without restriction over the last year and that he would not place any permanent restrictions on her occupation going forward.

In a followup letter dated October 30, 2019, Bixenmann added that Arroyo's MRI performed on July 9, 2018, did not show any structural injury to the spine related to the work injury and that therefore, it would not be medically necessary to restrict her activities due to the work injury.

In regard to future medical treatment, Gallant gave his opinion in a letter dated September 19, 2019, where he responded to specific questions from Arroyo's counsel. Gallant was asked: "Whether [Arroyo's] condition is chronic in nature, and if so, what symptoms you would expect her to experience in the future?" Gallant responded: "She is more likely than not to have some intermittent recurrence of neck pain." Gallant also was asked: "Will [Arroyo] require future medical treatment due to the aforementioned work injuries, such as physical therapy, medical appointments, medications, cervical medial branch blocks blocks [sic], surgery, etc? If so, what type of treatment?" Gallant responded: "I expect she may require a repeat [RFA], intermittent physical therapy, occasional physician visits (3-4/year). She will likely remain on current medications for the foreseeable future."

On February 15, 2019, Arroyo brought this action seeking recovery under the Nebraska Workers' Compensation Act. She sought recovery for temporary and permanent disability and loss of earning capacity, past medical expenses, and future medical expenses. On December 13, the compensation court awarded her benefits based on the court's finding of a 5-percent loss of earning capacity. It also ordered CPS to pay past medical and mileage expenses incurred by Arroyo. The court declined to award Arroyo future medical expenses.

- 97 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
ARROYO v. CARING FOR PEOPLE SERVS.
Cite as 29 Neb. App. 93

## ASSIGNMENTS OF ERROR

Arroyo assigns, restated, that the compensation court erred in (1) relying on exhibit 30, Bixenmann's report, in reaching its decision on future medical expenses, because the exhibit was not received into evidence, and (2) failing to award her future medical expenses.

## STANDARD OF REVIEW

[1] Pursuant to Neb. Rev. Stat. § 48-185 (Cum. Supp. 2018), a judgment, order, or award of the compensation court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the judgment, order, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Martinez v. CMR Constr. & Roofing of Texas*, 302 Neb. 618, 924 N.W.2d 326 (2019).

[2,3] An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Id.* Findings of fact made by the compensation court after review have the same force and effect as a jury verdict and will not be set aside unless clearly erroneous. *Id.*

## ANALYSIS

Arroyo first argues that the compensation court erred in relying on exhibit 30, Bixenmann's report, in reaching its decision to deny future medical expenses, because the exhibit was not received into evidence; it was offered into evidence but not "ruled on." The record shows that the court did not specifically rule on the offer of any exhibits. At the start of trial, Arroyo offered exhibits 1 through 15 into evidence and CPS offered exhibits 16 through 27 and 30 through 36 into evidence. Both parties were asked if they had any objection to the exhibits offered by the opposing party. The only objection by either party was an objection by Arroyo to exhibit 36, Arroyo's deposition. The objection was overruled, and the

- 98 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
ARROYO v. CARING FOR PEOPLE SERVS.
Cite as 29 Neb. App. 93

court then began discussing the parties' stipulations. Nothing further was discussed about the offer or admission of the exhibits. The court did not specifically state that any of the exhibits were received into evidence. However, the court ruled on the only objection, and it is clear from the record that both parties, as well as the court, proceeded with the understanding that the exhibits offered by both parties were admitted into evidence. At least two exhibits were utilized during Arroyo's testimony, and the compensation court relied on exhibit 30 as well as other exhibits in its order. Arroyo admits that it is clear from the record that both parties "proceeded below on the understanding that various exhibits were part of the record and applicable to the decision. Just as clearly, so did the Compensation Court." Brief for appellant at 10.

Arroyo suggests, however, that this case is similar to *Morrison Enters. v. Aetna Cas. & Surety Co.*, 260 Neb. 634, 619 N.W.2d 432 (2000). In that case, some, but not all, of the documents in the bill of exceptions were marked as exhibits during a summary judgment hearing, but none were offered into evidence by either party. The trial judge who presided at the hearing reserved ruling on the exhibits which were marked for identification, and the bill of exceptions did not show that any exhibits were ever received into evidence. The case was reassigned, and the trial judge who wrote the order stated that he had reviewed "'the exhibits,'" but the record did not show which exhibits were actually received and considered by the trial court. *Id.* at 638, 619 N.W.2d at 435. The Nebraska Supreme Court held that it would not consider any of the exhibits on appeal. This case is factually different from the case at issue. Most significantly, as pointed out by Arroyo, the exhibits were offered into evidence in the present case, whereas in *Morrison*, they were not.

Although not directly on point, we believe this case is more analogous to *State v. Daly*, 278 Neb. 903, 775 N.W.2d 47 (2009), where an objection was made to an exhibit and the court failed to rule on such objection. In *Daly*, the State offered two exhibits into evidence and the defendant objected. The

- 99 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
ARROYO v. CARING FOR PEOPLE SERVS.
Cite as 29 Neb. App. 93

trial court stated it would "'take them under advisement'" but subsequently never ruled on the exhibits. *Id.* at 928, 775 N.W.2d at 68. On appeal, the defendant argued that the court erred in taking the State's offer under advisement but never ruling on the offer or his objections. The Supreme Court concluded that because no request was made for rulings on the admission of the exhibits, the defendant waived his objections. The Supreme Court noted the well-established rule that a party who fails to insist upon a ruling to a proffered objection waives that objection. The Supreme Court further explained that

"'[i]f when inadmissible evidence is offered the party against whom such evidence is offered consents to its introduction, or fails to object, or to insist upon a ruling on an objection to the introduction of the evidence, and otherwise fails to raise the question as to its admissibility, he is considered to have waived whatever objection he may have had thereto, and the evidence is in the record for consideration the same as other evidence.'"

*Id*. at 928, 775 N.W.2d at 68-69.

In the instant case, exhibit 30 was offered into evidence and there was no objection. No ruling was made on its admission, and Arroyo did not insist upon a ruling. Accordingly, we conclude that she waived any objection to exhibit 30 and that the exhibit was in the record for consideration. Arroyo's argument that the court erred in relying on exhibit 30 because it was not received into evidence fails.

Arroyo next assigns that the compensation court erred in failing to award her future medical expenses. She argues that even if exhibit 30, Bixenmann's report, was received into evidence, the court erred in relying on it to deny her future medical expenses.

In regard to future medical expenses, the compensation court stated:

The court declines to award [Arroyo] future medical expenses as requested, due to the finding of neurosurgeon Dr. . . . Bixenmann that [Arroyo] reached [maximum medical improvement] on January 31, 2019, with no

- 100 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
ARROYO v. CARING FOR PEOPLE SERVS.
Cite as 29 Neb. App. 93

permanent restrictions, and Dr. Bixenmann's review of the MRI, in which he found no structural injury to the spine related to the accident. Dr. Bixenmann also found that [Arroyo] has demonstrated the ability to exercise and complete tasks over the last year, such as the marathon running, and the Court finds that [Arroyo] has reached a plateau in terms of medical recovery and is not entitled to any future medical care.

Arroyo suggests that Bixenmann's report only addressed whether she had reached maximum medical improvement, and if so, what degree of impairment she had. She contends that Gallant's opinion, in contrast to Bixenmann's opinion, is specifically directed at her need for future medical treatment and is the opinion the court should have relied upon.

[4-6] An award of future medical expenses requires explicit medical evidence that future medical treatment is reasonably necessary to relieve the injured worker from the effects of the work-related injury. *Tchikobava v. Albatross Express*, 293 Neb. 223, 876 N.W.2d 610 (2016). It is the role of the compensation court as the trier of fact to determine which, if any, expert witnesses to believe. *Hintz v. Farmers Co-op Assn.*, 297 Neb. 903, 902 N.W.2d 131 (2017). Both Bixenmann and Gallant provided opinions regarding Arroyo's future medical care. The compensation court reviewed the opinions from both physicians and adopted Bixenmann's opinion. Where the record presents nothing more than conflicting medical testimony, this court will not substitute its judgment for that of the compensation court. *Id*. Accordingly, Arroyo's argument that the court erred in failing to award future medical expenses fails.

## CONCLUSION

We conclude that the compensation court did not err in relying on exhibit 30, because Arroyo waived any objection to exhibit 30 and the exhibit was in the record for consideration. We further conclude that the court did not err in failing to award Arroyo future medical expenses.

AFFIRMED.