BERNARD BERNTSEN, APPELLANT, V. COOPERS & LYBRAND, A GENERAL PARTNERSHIP, APPELLEE.

RHEEM MANUFACTURING COMPANY, APPELLANT, V. COOPERS & LYBRAND, A GENERAL PARTNERSHIP, APPELLEE.

RICHARD BERNTSEN, APPELLANT, V. COOPERS & LYBRAND, A GENERAL PARTNERSHIP, APPELLEE.

546 N.W.2d 310

Filed April 25, 1996.   Nos. S-94-226, S-94-280, S-94-283.

Thomas H. Dahlk and Sandra L. Dougherty, of Lieben, Dahlk, Whitted, Houghton, Slowiaczek & Jahn, P.C., for appellants.

Jerrold L. Strasheim and Mary Leiter Swick, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellee.

WHITE, C.J., FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.

Bernard Berntsen, Rheem Manufacturing Company, and Richard Berntsen (collectively referred to as "the appellants") appeal from the granting of demurrers filed by Coopers & Lybrand. In each case, the district court ruled that the cause of action was barred by the applicable statute of limitations. The appeals have been consolidated for purposes of this opinion.

## SCOPE OF REVIEW

In considering a demurrer, a court must assume that the pleaded facts, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995); *Calabro v. City of Omaha*, 247 Neb. 955, 531 N.W.2d 541 (1995).

## FACTS

In summary, this case revolves around two audits of Capitol Group, Inc., and its wholly owned subsidiary, Capitol Supply, Inc., which were conducted by Coopers & Lybrand. The following allegations are common to all of the appellants' petitions:

On or about November 9, 1988, Coopers & Lybrand was retained to perform an audit of the financial statements of Capitol Group for the year ending December 31, 1988. Coopers & Lybrand advised Capitol Group that no physical inventory would be taken at the Norfolk, Grand Island, or Fairbury

locations. Prior to the end of 1988, Capitol Group personnel made inventory adjustments at the Norfolk, Grand Island, and Fairbury locations which increased the value of the total inventory by $611,053. These inventory adjustments were reversed on January 4, 1989.

On April 4, 1989, Coopers & Lybrand's internal documents contained a notation that as of January 31, Capitol Supply's inventories were valued at $6,979,621. Around April 12, Coopers & Lybrand completed and mailed its audit, representing that it had conducted its audit in accordance with generally accepted auditing standards and that the financial statements of Capitol Group and Capitol Supply " 'present[ed] fairly, in all material respects, the consolidated financial position of Capitol Group, Inc. and subsidiary as of December 31, 1988 . . . .' "

On May 17, 1989, Coopers & Lybrand was retained by Capitol Supply to issue a second audit report in accordance with generally accepted auditing standards concerning Capitol Supply's financial statements for the year ending December 31, 1988. On both audits, inventories were reported to be valued at $7,551,370. On May 23, Coopers & Lybrand mailed copies of the second audit report to Capitol Supply. Coopers & Lybrand again represented that it had conducted its audit in accordance with generally accepted auditing standards and that the audit of Capitol Group and Capitol Supply presented their consolidated financial positions fairly in all material respects.

The appellants alleged that Coopers & Lybrand's representations were false because the financial statements of Capitol Group and Capitol Supply were materially misstated and were not presented in accordance with generally accepted accounting principles. The appellants further alleged that Coopers & Lybrand made an adjustment to the valuation of inventory that capitalized costs, resulting in a further inflation of inventory value in the amount of $668,850.

Bernard and Richard Berntsen alleged in their petitions that on October 10, 1989, Capitol Group faxed a copy of the audit report to them in connection with negotiations concerning the sale of Plumbing Products & Supply, Inc., by the Berntsens to Capitol Supply. In considering whether to sell their business,

the Berntsens and their representatives relied upon the audit report of Coopers & Lybrand. The Berntsens allege that on January 11, 1990, in reliance upon the audit report, they entered into an agreement for the sale of Plumbing Products & Supply to Capitol Supply and that had they been advised of the irregularities of the audit, they would not have entered into the agreement.

The Berntsens received the first installment due under the terms of the agreement in February 1990. However, they did not receive the March 1990 installment or any other installment thereafter. In March 1990, the Berntsens met with a representative from Capitol Supply and were told that there were some minor problems with the financial affairs of Capitol Group and Capitol Supply, but that a plan was in place to work out the financial difficulties. In July 1990, Capitol Group and Capitol Supply filed for bankruptcy.

Bernard Berntsen alleged that as a proximate result of Coopers & Lybrand's wrongful conduct, he suffered damages, including $158,473 and his share of a $77,000 brokerage fee. Richard Berntsen alleged that he suffered damages, including $164,941 and his share of a $77,000 brokerage fee.

Rheem Manufacturing Company (Rheem) alleged that at all times relevant hereto, Coopers & Lybrand knew that Rheem was a principal supplier of Capitol Group. On September 18, 1989, Capitol Group sent an audit report to Rheem's air conditioning division, and Rheem alleged that it relied on the audit report in making credit decisions. Rheem alleged that in reliance on the audit report and the reports of credit agencies, Rheem extended credit to Capitol Group in January 1990 in the following amounts: (1) air conditioning division—$339,881.13 and (2) water heating division—$333,012.75. Rheem alleged that had it been advised of the irregularities and inaccuracies in the financial statements prepared by Coopers & Lybrand, it would not have approved a deferred billing program or otherwise extended credit to Capitol Group or Capitol Supply beginning in January 1990. Rheem alleged that as a proximate result of Coopers & Lybrand's wrongful conduct, it suffered damages of $673,853.88, plus interest and related expenses.

All of the appellants filed their initial petitions on February 28, 1992. The appellants alleged that they did not discover, nor could they reasonably have discovered, the false representations made in the audit reports and the financial statements of Capitol Group and Capitol Supply or the fraudulent concealment of the true financial status of the two companies until the fall of 1990.

On January 7, 1994, the district court sustained the demurrer against Bernard Berntsen. The court examined several dates on which his cause of action could have accrued: April 12, 1989, when Coopers & Lybrand mailed copies of its audit report to Capitol Group; May 23, 1989, when Coopers & Lybrand mailed copies of this audit to Capitol Supply; October 10, 1989, when Capitol Group faxed a copy of the audit reports to Bernard Berntsen in connection with the negotiations for the purchase of the business from Bernard and Richard Berntsen; and January 11, 1990, when the Berntsens entered into an agreement for the sale of Plumbing Products & Supply to Capitol Supply. The court found that where fraud and malpractice allegations are made, the malpractice statute of limitations set forth in Neb. Rev. Stat. § 25–208 (Reissue 1989) applies. The district court found that Bernard Berntsen discovered the alleged fraud or malpractice in the fall of 1990, within the 2–year statute of limitations and that, therefore, the petition could not fit within the discovery exception of Neb. Rev. Stat. § 25–222 (Reissue 1995).

In sustaining the demurrer against Richard Berntsen, the court found that the audit report was issued by Coopers & Lybrand to Capitol Group on April 12, 1989; that Richard Berntsen's petition was filed on February 28, 1992, outside the 2–year statute of limitations; and that the petition was also outside the 1–year discovery exception. Similarly, with regard to Rheem, the court sustained the demurrer on February 4, 1994, without opinion and gave Rheem until February 28 to file a fifth amended petition.

The appellants did not file any additional amended petitions, and their actions were dismissed by the district court.

## ASSIGNMENT OF ERROR .

The appellants assign the following error to the district court: The district court erred in granting the demurrers on the basis that the discovery provision contained in § 25-222 was applicable in a case governed by § 25-208.

## ANALYSIS

The case at bar requires us to address the relationship between §§ 25-208 and 25-222. Section 25-208 provides in relevant part: "The following actions can only be brought within the periods herein stated: . . . where the statute giving such action prescribes a different limitation, the action may be brought within the period so limited; within two years, an action for malpractice which is not otherwise specifically limited by statute."

Section 25-222 provides in relevant part:

> Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided*, if the cause of action is not discovered and could not be reasonably discovered within such two–year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier . . . .

The district court applied these two statutes and held that § 25-222 provides the only method by which a party can file an action more than 2 years after accrual of the action. Coopers & Lybrand agrees. The appellants argue that pursuant to § 25-208, they have 2 years from the date of their discovery of the alleged malpractice claim sounding in fraud in which to commence the actions against Coopers & Lybrand.

Both the appellants and Coopers & Lybrand rely upon our treatment of these two statutes in *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 244 Neb. 408, 507 N.W.2d 275 (1993). St. Paul had sued Touche Ross for negligence and

negligent misrepresentations regarding financial statements prepared for Commonwealth Company, Inc. St. Paul claimed that Touche Ross provided inaccurate and misleading documents to assist Commonwealth in obtaining various types of credit and bonds from St. Paul. St. Paul had relied upon the documents in extending credit and issuing bonds to Commonwealth and claimed that it did not know and could not have known of the inaccurate and misleading nature of the documents until it received a report provided by another accounting firm on or about July 15, 1986. Touche Ross demurred to St. Paul's petition on the basis that the cause of action was time barred.

As a part of our analysis of whether St. Paul had timely pled its negligence allegations, we examined the relationship between §§ 25–208 and 25–222. We stated:

> While traditionally a statute of limitations begins to run as soon as the action accrues, and a cause of action in tort accrues as soon as the act or omission occurs, [citation omitted], § 25–222 permits commencement of the action within 1 year from discovery if discovery could not reasonably have occurred sooner.

*St. Paul Fire & Marine Ins. Co.*, 244 Neb. at 417, 507 N.W.2d at 281. We concluded that St. Paul's claim for fraudulent misrepresentation was governed by the 2–year malpractice limitation set forth in § 25–208 and that the discovery doctrine discussed with regard to § 25–222 applied to the period of limitations set forth in § 25–208.

In the case at bar, the appellants claim that the district court misinterpreted *St. Paul Fire & Marine Ins. Co.* The appellants argue that under *St. Paul Fire & Marine Ins. Co.*'s treatment of § 25–208, the statute of limitations in an action for malpractice based upon fraud under § 25–208 is 2 years from either the discovery of the facts constituting the basis of the cause of action or the discovery of the existence of facts sufficient to put a reasonable person on inquiry. Under the discovery principle, discovery occurs when there has been discovery of facts constituting the basis of the cause of action or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery. *St. Paul Fire & Marine Ins. Co., supra.*

The appellants claim that the discovery exception of § 25–222 should not be read into the provisions of § 25–208 and that § 25–222 does not enact a tolling principle applicable to an action governed by § 25–208. Instead, the appellants insist that under § 25–208, a cause of action does not accrue until discovery. The appellants appear to rely upon the following statement made in *St. Paul Fire & Marine Ins. Co.*:

> While § 25–208 does not by its terms provide for a period of discovery, in *Spath v. Morrow*, 174 Neb. 38, 115 N.W.2d 581 (1962), we held that a cause of action for malpractice against a physician who failed to remove a foreign object did not accrue until the patient discovered, or in the exercise of reasonable diligence should have discovered,. the presence of the object. Thus, the discovery doctrine discussed with regard to § 25–222 in part IV(1)(b) of this opinion applies as well to the period of limitations set forth in § 25–208.

244 Neb. at 421–22, 507 N.W.2d at 284.

The appellants' reliance upon *Spath v. Morrow*, 174 Neb. 38, 115 N.W.2d 581 (1962), is misplaced. *Spath* was decided in 1962, and the Legislature subsequently enacted § 25–222 in 1972. One of the obvious purposes of § 25–222 was to prevent the unjust result of having a cause of action in tort accrue and become barred by the applicable statute of limitations before the injured party knew or could reasonably have discovered the existence of the cause of action.

Importantly, § 25–222 does not alter our long–held approach to when a cause of action accrues. We continue to abide by the occurrence rule in actions arising in tort and in malpractice actions based upon fraudulent misrepresentation. Under that rule, a statute of limitations begins to run as soon as the cause of action accrues, and an action in tort accrues as soon as the act or omission occurs. *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 244 Neb. 408, 507 N.W.2d 275 (1993). See, also, *Rosnick v. Marks*, 218 Neb. 499, 357 N.W.2d 186 (1984).

Instead, the 1–year discovery exception of § 25–222 is a tolling provision. It tolls the statute of limitations, thereby permitting an injured party to bring an action beyond the time

limitation for bringing the action in those cases in which the injured party did not discover and could not reasonably have discovered the existence of the cause of action within the applicable statute of limitations.

The tolling provision of § 25–222 does not apply in the present case, however. There is no application of the discovery provision provided for in § 25–222 in actions governed under § 25–208 if the injured party knew or could reasonably have discovered the cause of action within the time set forth in § 25–208. The discovery provision contained in § 25–222 would apply only if such party did not know or could not reasonably have discovered the existence of the cause of action within such time.

The appellants have alleged that they could not have discovered the facts that established their causes of action until "the fall of 1990." The appellants' causes of action accrued, at the earliest, on April 12, 1989—the date that Coopers & Lybrand mailed out the first audit of Capitol Group and Capitol Supply—or, at the latest, on January 11, 1990—the date the Berntsens sold their business to Capitol Group while Coopers & Lybrand allegedly watched silently. The appellants' admitted discovery of the fraudulent concealment in the fall of 1990 is within the 2–year statute of limitation provided by § 25–208. However, the appellants did not file their actions until February 28, 1992. Thus, the appellants' actions against Coopers & Lybrand are time barred.

The judgments of the district court sustaining the demurrers of Coopers & Lybrand and dismissing the appellants' causes of action are affirmed.

AFFIRMED.

CAPORALE, J., not participating.