TERESA E.A. TEATER, APPELLANT, V.
STATE OF NEBRASKA, APPELLEE.

559 N.W.2d 758

Filed March 14, 1997.    No. S-95-194.

Michael N. Dolich, of Friedman Law Offices, for appellant.

Don Stenberg, Attorney General, Royce N. Harper, and DeAnn C. Stover, Special Assistant Attorney General, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.
Teresa E.A. Teater commenced a tort claim against the State of Nebraska for damages resulting from the alleged negligence of the Nebraska Department of Social Services (DSS) while Teater was a ward of the state. The district court held that the claim was time barred, and Teater appeals.

## SCOPE OF REVIEW
When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996).

## FACTS
Teater was born on April 17, 1956. After her natural parents were incarcerated, DSS placed Teater in a foster home in Lincoln, Nebraska, on November 1, 1959. Thereafter, the foster parents attempted to adopt Teater. The adoption was apparently initially approved by the Lancaster County Court, but was appealed to the district court by the natural mother. Although the record is not clear, the foster parents apparently withdrew the adoption petition in order to avoid a contested case. In July 1963, the foster parents and Teater moved to Missouri. The foster parents were urged by DSS to pursue an adoption in Missouri, but they apparently never did. However, Teater remained with the foster parents under foster care.

From at least September 21, 1961, until February 1967, DSS did not maintain contact with the foster parents or Teater and did not monitor Teater's well-being. Although DSS sent a number of letters to the foster parents, the foster parents did not respond, and DSS did not pursue the matter further. Nevertheless, in February 1964, DSS informed Teater's natural mother that Teater was "well adjusted and well provided for."

This action was commenced by Teater pursuant to the Nebraska State Tort Claims Act for damages alleged to have been caused by the negligence of the employees and agents of DSS. Teater, who was 36 years old at the time she filed her claim, contended that she was subjected to continual sexual assaults by her foster father from the age of 6 until the age of 14. Teater alleged that DSS failed to supervise her foster home placement and that this failure permitted the continuation of the assaults by her foster father, causing Teater permanent psychological injury.

Teater's petition alleged that the State had been negligent in at least one of the following ways: (1) by failing to properly inspect and supervise Teater's placement with her foster parents, (2) by permitting Teater to remain in the foster parents' home despite the fact that they had not legally adopted her, (3) by failing to properly monitor the foster parents during the time Teater was placed with them, and/or (4) by failing to properly monitor Teater during the time she was placed with the foster parents.

The State denied the allegations and pled the affirmative defense that the statute of limitations applicable to tort claims against the State, Neb. Rev. Stat. § 81-8,227 (Reissue 1996), barred Teater's recovery.

At trial, Teater claimed that she did not become aware her adoption had failed—and that she was a ward of the State during the time she was allegedly sexually assaulted—until November 1992, when she requested her adoption files from the clerk of the Lancaster County District Court. Teater testified she was never informed by DSS or her foster parents that the adoption attempt had failed. Teater conceded, however, that when she was about 14 years old, she overheard a conversation in

which the speaker stated that the foster parents' adoption attempt had failed.

The parties presented expert testimony regarding the psychological and social effects Teater alleged were caused by her childhood sexual abuse. Dr. Peter Frazier-Koontz, Teater's counselor for the previous 3 years, testified that he believed she suffered from posttraumatic stress disorder and mixed personality disorder. Frazier-Koontz stated that Teater's pattern of dysfunctional social behavior included her inability to maintain employment, locate housing, or provide for herself, as well as numerous other symptoms.

Dr. Henry Balters, a clinical psychologist who had treated Teater, opined that Teater suffered from adjustment reaction with mixed emotional features and mixed personalities. He said that Teater's history of anxiety and difficulty with forming relationships was consistent with being sexually abused as a young child.

On the other hand, the State's expert, Dr. Eli Chesen, a psychiatrist, testified that he was not persuaded that Teater had been sexually abused as a child, and he opined that she was not suffering from mixed personality or other mental disorder. He opined that Teater was "malingering," that is, faking her symptoms.

Following a trial to the Lancaster County District Court, the court held:

> There is little doubt that [DSS] failed to supervise the placement of the plaintiff as required by its own rules. The state's feeble argument that it was acting under the assumption that the plaintiff had been adopted is contrary to its own records. Officials of [DSS] actively participated in a course of conduct to prevent the plaintiff's natural mother from obtaining any information about her children when such officials knew the adoption had been set aside on appeal. Despite possessing knowledge that the adoption had not been finalized and the deplorable actions towards the natural mother, they continued to fail to monitor the plaintiff's placement. Clearly, [DSS] was negligent with respect to the duty owed the plaintiff.

The district court found that the alleged sexual abuse started at age 6. Teater's petition was filed on December 15, 1992, which was 22 years following the first report of abuse and many years after Teater had reached the age of majority. Thus, the court held that Teater's claim was barred by the 2-year statute of limitations found in Neb. Rev. Stat. § 25-218 (Reissue 1995).

Teater had alleged in her petition that she was unaware of the sexual abuse because the traumatic nature of the conduct led her to repress the memory of such conduct until September 1991. However, in dismissing Teater's claim, the district court held that Teater had failed to meet the burden of proof that she suffered from a mental disorder which would prevent her from understanding her right to maintain a legal action. Rather, the court found that Teater was aware of the alleged abuse when she reported it to school officials at the age of 14. The court found that Teater's denial of knowledge of the abuse thereafter was inconsistent with her own actions, noting an essay written by her in 1985, as well as precautions Teater took with her own daughter when visiting her foster father several years earlier.

Finding that the statute of limitations barred the action, the district court dismissed Teater's petition and subsequently overruled her motion for new trial. Teater timely appealed.

## ASSIGNMENTS OF ERROR

Teater assigns the following errors to the district court: (1) The court erred as a matter of law in failing to apply the "discovery rule" to the applicable statute of limitations in tolling Teater's claim against the State, and (2) the court erred as a matter of law in refusing to apply the equitable doctrine of fraudulent concealment to toll the applicable statute of limitations for Teater's claim against the State.

## ANALYSIS

If a petition alleges a cause of action ostensibly barred by the statute of limitations, such petition, in order to state a cause of action, must show some excuse tolling the operation and bar of the statute. *Meyer Bros. v. Travelers Ins. Co.*, 250 Neb. 389, 551 N.W.2d 1 (1996); *Zion Wheel Baptist Church v. Herzog*, 249 Neb. 352, 543 N.W.2d 445 (1996). The point at which a statute of limitations begins to run must be determined from the facts

of each case, and the decision of the district court on the issue of the statute of limitations normally will not be set aside by an appellate court unless clearly wrong. *Id.*

In the context of statutes of limitations, discovery occurs when the party knows of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of facts constituting the basis of the cause of action. *Gordon v. Connell*, 249 Neb. 769, 545 N.W.2d 722 (1996); *Zion Wheel Baptist Church v. Herzog, supra.* A statute of limitations begins to run as soon as the cause of action accrues, and an action in tort accrues as soon as the act or omission occurs. *Berntsen v. Coopers & Lybrand*, 249 Neb. 904, 546 N.W.2d 310 (1996).

Teater's petition sets forth a cause of action against the State based upon negligent placement of Teater by DSS and negligent supervision while Teater was in foster care. Regarding the statute of limitations, Teater alleged she was unaware of the vacation of the adoption proceedings until 1992 and unable to recall the sexual abuse until 1991. The petition states:

> Plaintiff was unaware of the vacation of the adoption proceedings until 1992. Plaintiff was unable to recall the incidents because of a mental disorder which caused plaintiff to repress her memory of the sexual abuse because of the traumatic nature of said conduct and repressed that memory until September of 1991. Memory of said incidents was repressed by virtue of the conduct of the [foster parents] and the State of Nebraska.

The statute of limitations applicable to this case is § 81-8,227, which provides:

> Every tort claim permitted under the State Tort Claims Act shall be forever barred unless within two years after such claim accrued the claim is made in writing to the State Claims Board in the manner provided by such act. . . .
>  . . . .
> (4) This section and section 25-213 shall constitute the only statutes of limitations applicable to the State Tort Claims Act.

The statute of limitations for claims under the State Tort Claims Act is tolled until a person reaches the age of 20. Neb. Rev. Stat. § 25-213 (Reissue 1995) provides:

> Except as provided in sections 76-288 to 76-298, if a person entitled to bring any action mentioned in this chapter . . . or the State Tort Claims Act . . . is, at the time the cause of action accrued, within the age of twenty years, a person with a mental disorder, or imprisoned, every such person shall be entitled to bring such action within the respective times limited by this chapter after such disability is removed.

The State's alleged failure to monitor Teater's foster care occurred, at the latest, when Teater was 14 years old, at which time she accused her foster father of sexual abuse and was returned to DSS by the foster parents. Therefore, based upon the applicable statutes of limitations, Teater had 2 years from April 17, 1976, the date she reached age 20, to commence this action. The present action was not filed, however, until December 15, 1992.

Teater argues that the district court failed to apply the discovery rule in determining when her cause of action against the State accrued. She argues that her claim against the State is not out of time, because it did not accrue until she discovered in November 1992 that her adoption had failed and because, until that time, she had not discovered facts that would have been necessary for her to know that the State was negligent in providing her foster care. This argument has no merit, because Teater relies on a misunderstanding of the discovery rule.

In *Condon v. A. H. Robins Co.*, 217 Neb. 60, 349 N.W.2d 622 (1984), we explained that the focal point for determining when a cause of action accrues, even under the application of the discovery rule, is when the actual injury occurs. The focus is not on when the injured party recognizes whose negligence is responsible for the injury, but, rather, the statute of limitations begins to run on the date on which the party holding the cause of action discovers or, in the exercise of reasonable diligence, should have discovered the existence of the injury.

Thus, Teater's cause of action did not accrue on the date she alleged she discovered the actual nature of her relationship with her foster parents. Rather, Teater's cause of action accrued on the date of the discovery of her injuries. Under the facts alleged in this case, Teater's injuries occurred between the time that

Teater was 6 and 14 years old. Pursuant to § 25-213, however, the statute of limitations for claims under the State Tort Claims Act was tolled until Teater reached the age of 20, and she had 2 years from that date to commence an action against the State pursuant to the State Tort Claims Act. Teater failed to file her action within this 2-year period.

Teater alleged a cause of action ostensibly barred by a statute of limitations, and in order to state a cause of action, Teater must show some excuse tolling the operation and bar of the statute. See, *Meyer Bros. v. Travelers Ins. Co.*, 250 Neb. 389, 551 N.W.2d 1 (1996); *Zion Wheel Baptist Church v. Herzog*, 249 Neb. 352, 543 N.W.2d 445 (1996). Teater alleged in her petition that she suffered from a mental disorder that prevented her from understanding her right to maintain a legal action and that therefore would qualify under the tolling provision of § 25-213. The district court found, however, that Teater had failed to meet her burden of proof that she suffered from such a mental disorder. The factual findings of the trial court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Kreus v. Stiles Service Ctr.*, 250 Neb. 526, 550 N.W.2d 320 (1996). The district court's finding was not clearly wrong.

Teater has not alleged facts sufficient to establish another theory of why the statute of limitations has been tolled. Although Teater presented evidence of a number of actions by the State that, if true, suggest the State wrongfully concealed the failure of her adoption from her, she did not plead the existence of any of these facts. Her petition does not set forth a claim that DSS fraudulently concealed anything from Teater that would toll the statute of limitations.

Since Teater's petition did not allege facts sufficient to put the State or the district court on notice of the theory of fraudulent concealment and Teater never requested leave to amend her pleadings to conform to the evidence, the petition does not state facts establishing an excuse that would toll the statute of limitations. Therefore, the cause of action as pled is barred by the statute of limitations. The judgment of the district court is affirmed.

AFFIRMED.

GERRARD, J., concurring.

I concur in the judgment, but write separately because I hold a different view of the application of the discovery rule when a defendant *intentionally* or *fraudulently conceals* either the tort or his or her identity in this type of case. The majority writes, in applying the discovery rule, that "[t]he focus is not on when the injured party recognizes *whose negligence* is responsible for the injury, but, rather, the statute of limitations begins to run on the date on which the party holding the cause of action discovers . . . the existence of the injury." (Emphasis supplied.) Such an application of the discovery rule contorts the very reason that the discovery rule was recognized by this court in *Condon v. A. H. Robins Co.*, 217 Neb. 60, 349 N.W.2d 622 (1984).

We adopted the discovery rule in *Condon v. A. H. Robins Co., supra*, so that a litigant would not be denied the right to sue before the litigant could determine, even in the exercise of due diligence, whether and whom to sue. *Id.*, citing with approval to *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir. 1983), and *Hansen v. A.H. Robins, Inc.*, 113 Wis. 2d 550, 335 N.W.2d 578 (1983).

There are many circumstances in which an injured party knows that he or she has been injured, but the injured party is *prevented* from knowing *who* is responsible for the injury because of intentional or fraudulent concealment by the wrongdoer. What good is it to a mugging victim or a victim of a hit-and-run automobile that he or she "knows of the existence of the injury" if the identity of the mugger or runaway driver is determined years after the statute of limitations has run? The law should not reward a wrongdoer who fraudulently or actively *conceals* either the tort or the wrongdoer's identity. See *Muller v. Thaut*, 230 Neb. 244, 430 N.W.2d 884 (1988).

I submit that the better rule is that the statute of limitations should not commence to run until the injured party, in the absence of wrongdoing on the part of the defendant *concealing* either the tort or the wrongdoer's identity, discovers or, in the exercise of reasonable diligence, should have discovered the existence of the injury. See, *Cart v. Marcum*, 188 W. Va. 241, 423 S.E.2d 644 (1992); *Spitler v. Dean*, 148 Wis. 2d 630, 436 N.W.2d 308 (1989), citing with approval to *Hansen v. A.H.*

*Robins, Inc., supra.* Justice is not done when an injured person loses the right to sue *before* that injured person reasonably discovers if he or she was injured or whom to sue.

However, even with the above rule in mind, I concur in the judgment, because this court is obligated to dispose of cases on the basis of the theory presented by the pleadings on which the case was tried. See *Ashland State Bank v. Elkhorn Racquetball, Inc.*, 246 Neb. 411, 520 N.W.2d 189 (1994). Teater alleged in her petition that she qualifies under the tolling provision of Neb. Rev. Stat. § 25-213 (Reissue 1995) because she suffered from a mental disorder that prevented her from understanding her right to maintain a legal action. The district court's finding that Teater did not suffer from such a mental disorder was not clearly wrong.

Teater did not set forth in her petition a claim that DSS fraudulently or intentionally concealed anything from her that would toll the statute of limitations, nor did Teater request leave to amend her pleadings at any time during the trial. Therefore, regardless of how the discovery rule is applied, the theory that Teater pled and tried did not establish an excuse that would toll the statute of limitations in the instant case.

CONNOLLY, J., joins in this concurrence.