RANIA K. SHLIEN, APPELLANT, V. THE BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, APPELLEE.

640 N.W.2d 643

Filed March 22, 2002.   No. S-00-451.

Vincent M. Powers and Elizabeth A. Govaerts, of Vincent M. Powers & Associates, for appellant.

John C. Wiltse for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
Rania K. Shlien appeals from the order of the district court for Lancaster County which concluded that her negligence cause of action against the Board of Regents of the University of Nebraska (the University) was time barred, granted the University's motion for summary judgment, and dismissed her amended petition. Because there remain genuine issues as to material facts, we reverse the decision of the district court and remand the cause for further proceedings.

## STATEMENT OF FACTS
At the outset, we note as a procedural matter that Shlien's lawsuit named two defendants: the University and David Hibler, a former assistant professor at the University. The order which

forms the basis of the instant appeal concerns only the University. The district court entered judgment in favor of the University and against Shlien pursuant to the then applicable Neb. Rev. Stat. § 25-705(6) (Supp. 1999), now found at Neb. Rev. Stat. § 25-1315(1) (Cum. Supp. 2000). Accordingly, the parties to the instant appeal are limited to Shlien and the University.

In the early 1990's, Shlien was a student at the University of Nebraska-Lincoln. During the spring semester of 1991, she was enrolled in an English composition course taught by Hibler. As part of a class assignment, Shlien wrote and submitted two papers to Hibler entitled "Anacoluthon" and "Being There For You." Shlien alleged that the papers contained "intimate details of her private life."

In 1995, Hibler set up a Web site on the World Wide Web using the University's computer service. Part of the material Hibler posted to the Web site was a publication entitled the "Big Red Reader." At some time in 1995, Hibler uploaded the papers written by Shlien to his Web site as part of the Big Red Reader. Hibler's posting of Shlien's papers was done without Shlien's knowledge or consent. On the record before us, no party was able to specify the date in 1995 on which Hibler posted Shlien's papers to the Web site, but there was evidence that Hibler last posted material to the Big Red Reader on October 24, 1995. During the course of discovery, Shlien was deemed to have admitted that the papers had been posted sometime in 1995.

Shlien alleged that she first became aware of the presence of her papers on the Web site on or about June 19, 1997, at which time she demanded that they be removed. Shlien filed a tort claim with the State Tort Claims Board on February 17, 1998. The claim was denied on or about May 21, 1998.

Shlien filed the present action in district court on September 23, 1998, naming the University and Hibler as defendants. In the initial petition filed September 23, Shlien alleged two causes of action against each defendant. The first cause of action was for negligence, and the second cause of action was for invasion of privacy pursuant to Neb. Rev. Stat. § 20-201 et seq. (Reissue 1997).

In its answer, the University alleged that Shlien's causes of action against it were barred by the statute of limitations. The University filed a motion for summary judgment contending,

inter alia, that both causes of action were time barred and that, in any event, the petition failed to state a cause of action for invasion of privacy.

The district court entered an order on February 17, 1999. The district court concluded that Shlien's right to privacy cause of action "d[id] not come within the Nebraska right to privacy statutes" and did not constitute an invasion of privacy under § 20-203. The district court further determined, as to the cause of action for negligence, that the claim accrued in 1995 when Shlien's papers were posted to the Web site and that Shlien's claim filed with the State Claims Board in 1998 did not come within 2 years *thereafter* as required under Neb. Rev. Stat. § 81-8,227(1) (Reissue 1996), thus the negligence cause of action against the University was time barred. However, the district court ruled that Shlien was entitled to amend her petition to allege an excuse tolling the operation and bar of the statute of limitations. The district court therefore sustained the University's motion for summary judgment as to the invasion of privacy cause of action and, evidently treating the University's motion as to the negligence cause of action as a demurrer, denied the motion and gave Shlien 21 days in which to file an amended petition.

On March 10, 1999, Shlien filed an amended petition, which is the controlling petition in this case. On March 18, the University filed an answer to the amended petition, in which it again asserted that the remaining negligence cause of action was barred by the statute of limitations. The University also filed a motion for summary judgment in which it sought entry of judgment in its favor. In its motion for summary judgment, the University asserted that there were no genuine issues of material fact concerning, inter alia, the accrual of the claim in 1995, the filing of Shlien's claim with the State Claims Board on February 17, 1998, and the filing of this action in the district court on September 23, 1998.

The district court ruled on the University's motion for summary judgment in an order entered May 17, 1999. In its ruling, the district court noted that Shlien generally argued that each time the Web site was accessed, it constituted a separate actionable " 'publication,' " that her parents accessed the Web site in June 1997, and that therefore, the papers were " 'published' " to them on that date. In contrast, the University generally argued that the claim

accrued under § 81-8,227(1); that the statute of limitations began to run upon the initial "publication," which occurred when Hibler uploaded the papers to the Web site in 1995; and that, therefore, Shlien's claim filed with the State Claims Board on February 17, 1998, was filed greater than 2 years after the claim accrued. The district court specifically noted that although Shlien alleged in her amended petition that she was not aware of the date the papers were originally made available on the Web site, she had admitted that such event occurred in 1995.

In its order in favor of the University, the district court agreed with the University that "publication" occurred on the date the material was first uploaded in 1995 and made available to be accessed by other users. The district court concluded that the 2-year filing requirement of § 81-8,227(1) began to run in 1995 when the papers were first published on the Web site. The district court stated that even if the initial publication occurred on the last day of 1995, Shlien's claim, filed on February 17, 1998, was filed outside the 2-year period. The district court ordered that the University's motion for summary judgment be sustained and that the amended petition be dismissed as to the University.

Shlien appealed the May 17, 1999, order sustaining the University's motion for summary judgment. On March 13, 2000, a mandate was issued by this court dismissing the appeal due to the lack of a final order. See *Shlien v. Board of Regents*, 258 Neb. xxii (No. S-99-882, Feb. 24, 2000). The parties subsequently requested that the district court enter an order stating that the May 17, 1999, order was a final, appealable order under § 25-705(6). In an order dated March 30, 2000, the district court stated that it expressly determined that there was no just reason for delay in entry of final judgment for the University and expressly directed the entry of final judgment in favor of the University only. Shlien filed the instant appeal.

## ASSIGNMENTS OF ERROR

Shlien asserts generally that the district court erred in concluding that the statute of limitations barred her negligence cause of action against the University and asserts specifically that the district court erred in finding that (1) "the Single Publication Rule applied to the Internet" and (2) "the Discovery Rule does not apply to Internet Publications."

## STANDARD OF REVIEW

■ In reviewing an order granting a motion for summary judgment, the question is not how a factual issue is to be decided, but, instead, whether any real issue of material fact exists. *Bates v. Design of the Times, Inc.*, 261 Neb. 332, 622 N.W.2d 684 (2001).

## ANALYSIS

We note that in her original petition, Shlien alleged two causes of action against the University: one for negligence and one for invasion of privacy. In the course of the proceedings recited above, Shlien filed an amended petition in which the allegations against the University were limited to negligence. Shlien abandoned her right to privacy cause of action against the University. The district court's conclusions regarding the statute of limitations from which this appeal was taken apply only to the negligence cause of action, and therefore, the only issue before this court on appeal is whether on this record the district court erred in concluding that the statute of limitations barred Shlien's negligence cause of action against the University.

The University and its Board of Regents are agencies of the state, and tort claims against the University must be brought in accordance with the provisions of the State Tort Claims Act, Neb. Rev. Stat. § 81-8,209 et seq. (Reissue 1996 & Cum. Supp. 2000). See *Hullinger v. Board of Regents*, 249 Neb. 868, 546 N.W.2d 779 (1996). Section 81-8,227(1) of the act provides:

> Every tort claim permitted under the State Tort Claims Act shall be forever barred unless within two years after such claim accrued the claim is made in writing to the State Claims Board in the manner provided by such act. The time to begin suit under such act shall be extended for a period of six months from the date of mailing of notice to the claimant by the board as to the final disposition of the claim or from the date of withdrawal of the claim from the board under section 81-8,213 if the time to begin suit would otherwise expire before the end of such period.

In the district court and on appeal, the University contends that Shlien's claim accrued in 1995 when Hibler uploaded Shlien's papers to the Web site and that, therefore, Shlien's claim filed on February 17, 1998, was filed beyond the 2 years allowed under

§ 81-8,227(1). The University has consistently argued that the statute of limitations began to run upon the initial "publication" of Shlien's papers which occurred when Hibler first uploaded the papers in 1995.

In the district court and on appeal, Shlien contends that her claim did not accrue until June 1997 when her parents downloaded the papers from the Web site and she first learned that they had been posted to the Web site. Shlien has consistently argued that "publication" occurs each time the Web site is accessed and that each "publication" gives rise to a new statute of limitations.

In its May 17, 1999, ruling, the district court agreed with the analytical framework urged by both parties and focused on the "publication" of the papers and on what date such "publication" occurred. In making its ruling, the district court relied on *Patterson v. Renstrom*, 188 Neb. 78, 195 N.W.2d 193 (1972), which concluded that in the absence of fraud or fraudulent concealment, the statute of limitations in a libel action commences to run upon publication of the defamatory matter even if the plaintiff is ignorant of such publication. In the instant case, the district court concluded that under the *Patterson* rationale, Shlien's claim accrued in 1995 upon the initial posting of Shlien's papers to the Web site. The district court specifically determined that "the two year filing requirement of Section 81-8,227(1) began to run sometime in 1995 when, as admitted by [Shlien], the articles were first placed on the Internet." The district court therefore determined that even assuming Shlien's papers had been posted on the last day in 1995, to be timely, the claim had to have been filed in 1997. Because the claim was not filed with the State Claims Board until February 17, 1998, the district court concluded that the claim was time barred and that as a result, Shlien's lawsuit was barred.

In order to evaluate the correctness of the district court's ruling, we must first look to the allegations against the University in the amended petition to determine the nature of the claim against the University and therefore determine when the statute of limitations commenced on Shlien's cause of action. Shlien alleges in her amended petition that the University was negligent in certain respects, and we, therefore, must determine when her negligence claim accrued under § 81-8,227(1) of the State Tort Claims Act.

In her amended petition, Shlien alleges as follows:

10. That the publication and the making available to be published upon demand by anyone accessing the internet of the private, confidential information of the plaintiff was a result of the negligence of the defendant University of Nebraska in one or more of the following particulars:

a. In failing to properly supervise David Hibler;

b. In failing to properly supervise the Internet access by David Hibler;

c. In failing to have any safeguards in place so as to prevent unauthorized publication of student material.

Shlien also asserted in her amended petition that the University "had known for a period of time that David Hibler was not fulfilling his duties as an instructor, but failed to take any steps to discipline or oversee David Hibler."

Shlien's allegations against the University are grounded in negligence, i.e., alleged negligent supervision of Hibler and an alleged failure to implement safeguards regarding distribution of student material. To determine when Shlien's claim accrued, rather than look to a "publication" date or dates, as did the district court upon the urging of the parties, we must instead look to when the act or omission which Shlien alleges forms the basis of her negligence claim against the University occurred and, because we conclude *infra* that the discovery rule is applicable, the date when Shlien discovered or reasonably should have discovered her injury resulting from such negligence.

We have stated, " '[T]he mischief which statutes of limitations are intended to remedy is the general inconvenience resulting from delay in the assertion of a legal right which it is practicable to assert.' " *Condon v. A. H. Robins Co.*, 217 Neb. 60, 63, 349 N.W.2d 622, 624 (1984). The statutes of limitations are " 'enacted upon the presumption that one having a well-founded claim will not delay enforcing it beyond a reasonable time if he [or she] has the right to proceed. The basis of the presumption is gone whenever the ability to resort to the courts is taken away.' " *Id.* " 'If an injured party is wholly unaware of the nature of his [or her] injury or the cause of it, it is difficult to see how he [or she] may be charged with lack of diligence or sleeping on his [or her] rights.' " *Id.*

In a negligence action, it has generally been stated that a statute of limitations begins to run as soon as the cause of action accrues, and an action in tort accrues as soon as the act or omission occurs. *Bernsten v. Coopers & Lybrand*, 249 Neb. 904, 546 N.W.2d 310 (1996). We have determined, however, that the discovery rule applies in certain categories of cases. The rationale behind the discovery rule is that in certain categories of cases, the injury is not obvious *and the individual is wholly unaware that he or she has suffered an injury or damage.* In such cases, " '[i]t is manifestly unjust for the statute of limitations to begin to run before a claimant could reasonably become aware of the injury.' " *Condon v. A. H. Robins*, 217 Neb. at 67, 349 N.W.2d at 626 (quoting with approval *Hansen v. A.H. Robins, Inc.*, 113 Wis. 2d 550, 335 N.W.2d 578 (1983)). Thus, we have stated that when the discovery rule is applicable, the statute of limitations does not begin to run until the potential plaintiff discovers, or with reasonable diligence should have discovered, the injury. E.g., *Condon v. A. H. Robins, supra.* Although we have not explicitly so stated, it is implicit in our prior rulings that in those cases in which the discovery rule applies, the beneficence of the discovery rule is not bestowed on a potential plaintiff where the potential plaintiff in fact discovers, or in the exercise of reasonable diligence should have discovered, the injury within the initial period of limitations running from the wrongful act or omission. However, in a case where the injury is not obvious and is neither discovered nor discoverable within the limitations period running from the wrongful act or omission, the statute of limitations does not begin to run until the potential plaintiff discovers, or with reasonable diligence should have discovered, the injury.

*Teater v. State*, 252 Neb. 20, 559 N.W.2d 758 (1997), involved the State Tort Claims Act. Although the facts in *Teater* did not require application of the discovery rule, we referred to the discovery rule which we had applied in the products liability case of *Condon v. A. H. Robins Co., supra.* In *Teater*, we recited the "discovery rule" as follows: "[T]he statute of limitations begins to run on the date on which the party holding the cause of action discovers or, in the exercise of reasonable diligence, should have discovered the existence of the injury." 252 Neb. at 26, 559 N.W.2d at 763.

We have specifically held that the discovery rule is applicable to the statute of limitations provision in Neb. Rev. Stat. § 13-919(1) (Reissue 1997) of the Political Subdivisions Tort Claims Act, the language of which is similar to § 81-8,227(1) of the State Tort Claims Act. See *Polinski v. Omaha Public Power Dist.*, 251 Neb. 14, 18, 554 N.W.2d 636, 639 (1996) (holding that "a cause of action accrues, thereby starting the period of limitations [under the Political Subdivisions Tort Claims Act], when a potential plaintiff discovers, or in the exercise of reasonable diligence should discover, the political subdivision's negligence"). See, also, *Hutmacher v. City of Mead*, 230 Neb. 78, 430 N.W.2d 276 (1988). We believe the rationale making the discovery rule applicable to the Political Subdivisions Tort Claims Act applies equally to the State Tort Claims Act.

█ In concluding that the discovery rule is applicable to § 81-8,227(1) of the State Tort Claims Act at issue in this case, we note that although the discovery rule as stated in *Polinski* focuses on discovery of the defendant's alleged "negligence," the more recent articulations of the discovery rule focus on discovery of the potential plaintiff's "injury." See, e.g., *Teater v. State, supra.* We, therefore, conclude that the discovery rule is applicable to the State Tort Claims Act and that in a case such as the instant action in which the plaintiff cannot reasonably become aware of the injury at the time of the act or omission, the discovery rule applies, and the period of limitations under the State Tort Claims Act begins to run when a potential plaintiff discovers, or in the exercise of reasonable diligence should discover, the existence of the injury.

The district court relied on a libel case in its order concluding that the statute of limitations commenced upon "publication" sometime in 1995, regardless of whether or not Shlien was ignorant of such publication. The University in its brief to this court similarly cites to holdings in libel and slander cases to the effect that the statute of limitations commences to run upon the initial publication of the defamatory matter even if the plaintiff is ignorant of such publication. See, *LaPan v. Myers*, 241 Neb. 790, 491 N.W.2d 46 (1992); *Lathrop v. McBride*, 209 Neb. 351, 307 N.W.2d 804 (1981); *Patterson v. Renstrom*, 188 Neb. 78, 195 N.W.2d 193 (1972). Relying on the holdings in the libel and

slander cases, the district court granted summary judgment in favor of the University, concluding that neither the particular date in 1995 on which Shlien's papers were posted to the Web site nor when Shlien should have discovered that her papers had been posted to Hibler's Web site was relevant to a determination of whether Shlien's action was time barred. Such reasoning was error as a matter of law.

■ Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Woodward v. Andersen*, 261 Neb. 980, 627 N.W.2d 742 (2001).

The present appeal does not involve a libel or slander action in which publication gives rise to the claim and for which the running of the period of limitations does not await discovery. Instead, this case involves a cause of action for negligence brought under the State Tort Claims Act, to which the discovery rule is applicable. The acts or omissions alleged to constitute negligence give rise to the cause of action, and as we have concluded, the discovery rule applies to Shlien's negligence action. With respect to the timeliness of this action, on the record presented, both the date of uploading Shlien's papers and the date on which Shlien in the exercise of reasonable diligence should have discovered the Web site are material facts in dispute precluding entry of summary judgment.

As to the date of posting, the negligence cause of action against the University, as pled by Shlien in her amended petition, was based on allegations that the University was negligent in failing to properly supervise Hibler, specifically, in failing to properly supervise his Internet access and in failing to have safeguards in place so as to prevent unauthorized publication of student material. As fashioned by Shlien in her amended petition, the alleged "acts or omissions" which form the University's negligent conduct logically occurred prior to and culminated in Hibler's uploading Shlien's papers to the Web site, an act which occurred on an undetermined date on or before October 24, 1995. The date on which Shlien's papers were posted to the Web site is a material fact, and on this record, a material fact in issue.

As to discovery, Shlien has pled that she did not actually discover her papers on the Web site until June 19, 1997. However, when Shlien should in the exercise of reasonable diligence have discovered the presence of her papers on the Web site is a material fact in dispute, precluding the entry of summary judgment. Such date is some time between the date the papers were uploaded in 1995, which date has not been established, and the date Shlien actually discovered the posting in June 1997. Both the date the papers were uploaded and the date Shlien should have discovered her injury are material facts needed to determine whether Shlien's action is time barred. If Shlien's actual discovery of her injury in June 1997 was within 2 years of the date the papers were uploaded, then Shlien did not timely file her State claim. If, however, June 1997 was more than 2 years after the date the papers were uploaded and the date Shlien should have discovered her injury was also more than 2 years after the date the papers were uploaded, then by virtue of application of the discovery rule, the statute of limitations did not begin to run until the date Shlien discovered or should have discovered her injury. Because of the existence of genuine issues of material fact, it was improper for the district court to grant summary judgment in the University's favor.

## CONCLUSION

In this appeal, we consider if there is any real issue of material fact as to whether Shlien's negligence action against the University is time barred. We conclude the discovery rule is applicable to certain cases brought under the State Tort Claims Act and that in this case, genuine issues of material fact remain which prevent the entry of summary judgment. We conclude that the district court erred in concluding that Shlien's action against the University was time barred and erred in sustaining the University's motion for summary judgment. We therefore reverse the decision of the district court sustaining the University's motion for summary judgment and dismissing Shlien's petition as to the University and remand the cause for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

STEPHAN, J., not participating.