TROY CARRUTH, APPELLANT, V. STATE OF NEBRASKA, DOING BUSINESS AS UNIVERSITY OF NEBRASKA MEDICAL CENTER, A POLITICAL SUBDIVISION, ET AL., APPELLEES.

712 N.W.2d 575

Filed April 21, 2006.   Nos. S-04-1305, S-04-1422.

Phillip G. Wright, and, on brief, David M. Handley, of Wright & Associates, for appellant.

Earl G. Greene III, of Pansing, Hogan, Ernst & Bachman, L.L.P., for appellee State of Nebraska, doing business as University of Nebraska Medical Center.

Michael G. Monday, of Sodoro, Daly & Sodoro, for appellees University Medical Associates and Debra Sudan, M.D.

HENDRY, C.J., CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ., and HANNON, Judge, Retired.

HANNON, Judge, Retired.

## NATURE OF CASE

These consolidated appeals concern the time limit within which a plaintiff must bring an action for alleged malpractice under the statutes of limitation for professional negligence, Neb. Rev. Stat. § 25-222 (Reissue 1995), and for the State Tort Claims Act, Neb. Rev. Stat. § 81-8,227 (Reissue 2003), when the alleged negligent act occurred during the plaintiff's minority but was not discovered (or reasonably discoverable) until after the plaintiff's 21st birthday but within 2 years of that birthday. The plaintiff in this action, Troy Carruth, maintains that Neb. Rev. Stat. § 25-213 (Reissue 1995), which tolls the applicable statutes of limitation when a plaintiff is under the age of 21 years at the time the cause of action accrued, does not apply in this case because the professional negligence was not discovered until he was 22 years old, and hence, he claims his causes of action did not accrue when he was under the age of 21 years. We conclude that because of the interplay of these statutes, as previously interpreted, when a plaintiff is under the age of 21 years at the time his or her claim accrues, the statute of limitations period runs from the plaintiff's 21st birthday, and that when the injury is discovered within the 2-year limitations period, the discovery principle does not apply to toll the applicable statutes of limitation. Therefore, Carruth's claims in these cases were not timely filed.

## STANDARD OF REVIEW

The defendants raised the statute of limitations issue by filing motions to dismiss pursuant to Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(6) (rev. 2003). A challenge that a pleading is barred by the statute of limitations is a challenge that the pleading fails to allege sufficient facts to constitute a claim upon which relief can be granted. See *Harris v. Omaha Housing Auth.*, 269 Neb. 981, 698 N.W.2d 58 (2005). A district court's grant of a motion to dismiss for failure to state a claim under rule 12(b)(6) is reviewed de novo, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Harris v. Omaha Housing Auth., supra.*

In this case, the record shows that Carruth did not allege his date of birth in his complaints, and therefore, the complaints did

not contain a pertinent fact. That fact was placed in the record by stipulation of the parties. Rule 12 provides that when a matter outside of the pleadings is presented by the parties and accepted by the trial court, a defendant's motion to dismiss must be treated as a motion for summary judgment as provided in Neb. Rev. Stat. §§ 25-1330 to 25-1336 (Reissue 1995 & Cum. Supp. 2004). The district court's order was couched in terms of the granting of motions to dismiss, and the court dismissed the cases as it would have under the old procedure. However, substantively the same result was accomplished, and therefore, we shall treat the orders appealed from as orders granting the defendants' motions for summary judgment and dismissing the complaints.

■ Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *NEBCO, Inc. v. Adams*, 270 Neb. 484, 704 N.W.2d 777 (2005).

■ The determination of which statute of limitations applies is a question of law that an appellate court must decide independently of the conclusion reached by the trial court. *Weaver v. Cheung*, 254 Neb. 349, 576 N.W.2d 773 (1998). If the facts in a case are undisputed, the issue as to when the professional negligence statute of limitations began to run is a question of law. *Id.*

## FACTS

The parties have stipulated that Carruth was born on February 2, 1980. Carruth has alleged that on January 31, 1997, at the age of 16 years, he underwent a liver transplant at the University of Nebraska Medical Center (UNMC) under the direction and supervision of defendant Dr. Debra Sudan, who was employed by defendant University Medical Associates. On February 1, as part of Carruth's postoperative treatment, medical staff inserted a nasogastric (NG) catheter and a gastric pH monitor. He was discharged from UNMC on February 6.

In October 2002, Carruth, then 22 years old, began to experience severe pain in his abdomen. He underwent surgery on October 30, and surgeons discovered in his small intestine a piece of either the NG catheter or the gastric pH monitor, which

Carruth alleges became separated during his treatment at UNMC in 1997 and eventually lodged in his intestine.

On September 23, 2003, Carruth filed a claim against UNMC with the State Claims Board. On October 28, 2003, he filed a complaint against the defendants in the district court for Lancaster County, but because he did not serve UNMC, UNMC was dismissed without prejudice in that case. The case was eventually transferred to the district court for Douglas County due to venue considerations. On June 9, 2004, Carruth filed another complaint against the defendants in the district court for Douglas County. In this second action, however, Carruth served UNMC, but not the other defendants. Thus, although Carruth's cases in district court were captioned identically, Sudan and University Medical Associates were the defendants of record in the proceedings below in case No. S-04-1422, while UNMC was the defendant of record in case No. S-04-1305.

The district court granted the defendants' motions to dismiss. Carruth filed a motion for new trial, which the court treated as a motion to alter or amend the judgment, and the court overruled his motion. The appeals were consolidated, and this court moved them to its docket on its own motion pursuant to the court's statutory authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

Carruth has assigned six errors, but they may be fairly summarized as alleging that the district court erred in determining that Carruth's cause of action accrued on February 6, 1997; in determining that the applicable statutes of limitation were tolled until Carruth reached 21 years of age; and in failing to find that the cause of action accrued on October 30, 2002, when Carruth discovered the medical malpractice.

## ANALYSIS

Carruth's claims are based upon professional negligence. It has generally been stated that in a negligence action, a statute of limitations begins to run as soon as the cause of action accrues, and an action in tort accrues as soon as the act or omission occurs. *Shlien v. Board of Regents*, 263 Neb. 465, 640 N.W.2d 643 (2002); *Teater v. State*, 252 Neb. 20, 559 N.W.2d 758 (1997). This

principle has been referred to as "the occurrence rule." See, e.g., *Gordon v. Connell*, 249 Neb. 769, 545 N.W.2d 722 (1996). In medical malpractice actions, Nebraska has adopted the continuing treatment doctrine and has merged it with the occurrence rule. See *Casey v. Levine*, 261 Neb. 1, 621 N.W.2d 482 (2001). For claims alleging medical malpractice, the period of limitations begins to run when the treatment relating to the allegedly wrongful act or omission is completed. See, *id.*; *Kocsis v. Harrison*, 249 Neb. 274, 543 N.W.2d 164 (1996).

The statute of limitations applicable to professional negligence, § 25-222, provides in pertinent part:

> Any action to recover damages based on alleged professional negligence . . . in rendering or failure to render professional services *shall be commenced within two years next after the alleged act or omission* in rendering or failure to render professional services providing the basis for such action; *Provided, if the cause of action is not discovered* and could not be reasonably discovered *within such two-year period*, then the action may be commenced within *one year from the date of such discovery or from the date of discovery* of facts which would reasonably lead to such discovery, whichever is earlier . . . .

(Emphasis supplied.)

■ This court has held that the 1-year discovery exception of § 25-222 is inapplicable when plaintiffs discover their causes of action while the statute of limitations period is still running. In *Ames v. Hehner*, 231 Neb. 152, 435 N.W.2d 869 (1989), the defendant surgeon operated on the plaintiff in February 1981 and continued to treat her through December 1982. In August 1984, another physician discovered facts which amounted to the discovery of possible malpractice in the 1981 surgery. The statute of limitations was deemed to have commenced to run in December 1982. The plaintiff filed her action June 11, 1985, a date more than 2 years after treatment had ended but within 1 year of the date the possible malpractice was discovered. This court held that the running of the 2-year statute of limitations barred the plaintiff's action, even though she discovered the cause of action just 4 months before the expiration of the limitations period. This ruling has been followed in *Egan v. Stoler*,

265 Neb. 1, 653 N.W.2d 855 (2002), and in *Weaver v. Cheung*, 254 Neb. 349, 576 N.W.2d 773 (1998).

▉▉▉ The case at hand is somewhat complex because a separate statute of limitations applies to Carruth's claim against UNMC. UNMC is operated by the Board of Regents of the University of Nebraska, which is a state agency, and tort claims against a state agency must be brought under the State Tort Claims Act. See *Catania v. The University of Nebraska*, 204 Neb. 304, 282 N.W.2d 27 (1979), *overruled on other grounds, Blitzkie v. State*, 228 Neb. 409, 422 N.W.2d 773 (1988). The applicable statute of limitations under the State Tort Claims Act, § 81-8,227, provides in pertinent part as follows:

> (1) Every tort claim permitted under the State Tort Claims Act shall be forever barred unless within two years after such claim accrued the claim is made in writing to the State Claims Board in the manner provided by such act. . . .
>
> . . . .
>
> (4) This section and section 25-213 shall constitute the only statutes of limitations applicable to the State Tort Claims Act.

Section 81-8,227 and Neb. Rev. Stat. § 81-8,213 (Reissue 2003) have been interpreted to require a claimant to file his or her claim with the State Claims Board within 2 years of the accrual of the claim and to provide that the suit must be filed in court within 6 months after the claims board provides written notice to the claimant of final disposition if the 2-year limitations period would otherwise expire before the end of the 6-month period. See *Collins v. State*, 264 Neb. 267, 646 N.W.2d 618 (2002).

▉▉▉ In *Weaver*, the plaintiff was treated by the defendant physician for liver problems in 1991 and was last treated by him as late as July 1992. The plaintiff learned of possible negligence by the defendant in February 1994. Although she learned of the possible malpractice action within the initial 2-year statute of limitations period, she waited to file her action until January 1995, within 1 year of the date of discovery but more than 2 years after the defendant had last treated her. The applicable statute of limitations in *Weaver* was Neb. Rev. Stat. § 44-2828 (Reissue 2004), which provided the same 2-year limitations period and the same discovery rule as found in § 25-222. In concluding the statute of

limitations had run, this court said: "The discovery exception is a tolling provision which permits the filing of an action after the 2-year period only in those circumstances where the cause of action was not discovered and could not reasonably have been discovered within that period." *Weaver v. Cheung,* 254 Neb. at 354, 576 N.W.2d at 777.

■ Carruth was under the age of 21 years when the claimed negligent act or omission occurred, that is, when part of either the NG catheter or the gastric pH monitor allegedly separated and was left in Carruth's body. Therefore, the limitations periods in §§ 25-222 and 81-8,227 were subject to the tolling provision found in § 25-213. That statute provides in pertinent part:

> [I]f a person entitled to bring any action mentioned in this chapter . . . or the State Tort Claims Act . . . is, at the time the cause of action accrued, within the age of twenty years . . . every such person shall be entitled to bring such action within the respective times limited by this chapter after such disability is removed.

*Id.* Under § 25-213, a person is within the age of 20 years until he or she becomes 21 years old. *Brown v. Kindred,* 259 Neb. 95, 608 N.W.2d 577 (2000).

The defendants argue that Carruth's claims accrued when the alleged negligent act or omission occurred, i.e., in 1997. They admit that the cause of action was not discovered (and could not reasonably have been discovered) until October 30, 2002. They argue, however, that under § 25-213, the 2-year limitations period did not begin to run until Carruth's 21st birthday on February 2, 2001, and that the 2-year period had not yet expired when Carruth discovered the alleged negligent act on October 30, 2002. On this basis, the defendants maintain that the discovery rule is not applicable and that the claims were barred by the applicable statutes of limitation because Carruth failed to file suit on or before February 2, 2003.

Carruth relies on the discovery rule in his assertion that the applicable limitations periods did not begin to run until October 30, 2002, the date on which the foreign material was found in his small intestine. If the discovery rule applied, his claims would have been timely filed. However, Carruth misapprehends

the operation of the discovery rule. It does not apply in this case because discovery was made before the 2-year period of the applicable statutes of limitation had run.

As support for his argument, Carruth relies upon *Spath v. Morrow*, 174 Neb. 38, 115 N.W.2d 581 (1962), in which a medical doctor left a foreign object in the plaintiff nearly 9 years before it was discovered. This court held in the plaintiff's favor and stated that "the cause of action in this case did not accrue until the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, that a foreign object had been left in her body." *Id.* at 43, 115 N.W.2d at 585. *Spath* differs from the case at hand in two respects. First, the plaintiff in *Spath* was not under the age of 21 years when the foreign object was left in her body. Second, the application of the discovery rule has since been restricted, both by statute, as this court pointed out in *Berntsen v. Coopers & Lybrand*, 249 Neb. 904, 546 N.W.2d 310 (1996), and by later case law.

*Berntsen* involved alleged professional negligence by an accounting firm. The plaintiffs maintained the statute of limitations period did not begin to run until the negligent act was discovered or in the exercise of reasonable diligence should have been discovered—a position identical to Carruth's position in this case. The plaintiffs in *Berntsen* relied upon *Spath* to support their position. The *Berntsen* court explained that *Spath* was decided in 1962, before the discovery rule was codified in § 25-222 by the Legislature in 1972. The *Berntsen* court then explained why the statement upon which Carruth relies is no longer correct. In so doing, this court reaffirmed the long-held occurrence rule by stating:

> Importantly, § 25-222 does not alter our long-held approach to when a cause of action accrues. We continue to abide by the occurrence rule in actions arising in tort and in malpractice actions . . . . Under that rule, a statute of limitations begins to run as soon as the cause of action accrues, and an action in tort accrues as soon as the act or omission occurs.

*Berntsen*, 249 Neb. at 911, 546 N.W.2d at 314-15.

Later, this court summarized the application of the discovery rule in *Shlien v. Board of Regents*, 263 Neb. 465, 640

N.W.2d 643 (2002) (holding that discovery rule is applicable to State Tort Claims Act). The court stated:

> [T]he beneficence of the discovery rule is not bestowed on a potential plaintiff where the potential plaintiff in fact discovers, or in the exercise of reasonable diligence should have discovered, the injury within the initial period of limitations running from the wrongful act or omission. However, in a case where the injury is not obvious and is neither discovered nor discoverable within the limitations period running from the wrongful act or omission, the statute of limitations does not begin to run until the potential plaintiff discovers, or with reasonable diligence should have discovered, the injury.

*Shlien*, 263 Neb. at 473, 640 N.W.2d at 650.

These cases did not specifically consider a situation such as Carruth's, where the plaintiff was under 21 years of age when the alleged professional negligence occurred. Clearly, under § 25-213, Carruth's right to bring this lawsuit was extended until 2 years after he reached his 21st birthday on February 2, 2001. Section 25-213 reads as follows: "[I]f a person entitled to bring any action . . . is, at the time the cause of action accrued, within the age of twenty years . . . such person shall be entitled to bring such action within the respective times limited by this chapter after such disability is removed." This statute does not purport to change the occurrence rule, but tolls the running of the statute of limitations period. The statute, then, allowed Carruth to bring these actions within the time limited for the actions (i.e., 2 years) after his 21st birthday on February 2, 2001. In other words, he had until February 2, 2003, to file his claims, but he failed to do so.

## CONCLUSION

Carruth's claims accrued on February 6, 1997, when he was discharged from UNMC following his liver transplant. Because he was under the age of 21 years at that time, § 25-213 tolled the running of the applicable 2-year limitations period until February 2, 2001, the date on which he became 21 years old. Accordingly, Carruth had until February 2, 2003, to file his claims against the defendants. Carruth did not file any claim until September 2003. Because the foreign material was found in his small intestine in

October 2002, within the limitations period, the discovery rule is inapplicable. Therefore, the district court did not err in dismissing Carruth's complaints based on the fact that his claims were barred by the applicable statutes of limitation.

AFFIRMED.

WRIGHT and STEPHAN, JJ., not participating.